[Porter v. Tennessee Coal, Iron & Railway Company.]

# Porter *v.* Tennessee Coal, Iron & Railway Company.

## Injury to Servant.

(Decided June 11, 1912. 59 South. 255.)

1. *Pleading; Alternative Pleading.*—Where a plea is stated in the alternative, each alternative statement must make out a good defense, or the plea is rendered bad.

2. *Master and Servant; Injury to Servant; Contributory Negligence.*—Where the action was for the death of a miner by the fall of the mine roof, a plea alleging that decedent knew that a part of the roof was in danger of falling, and that should it fall injury would result, does not charge contributory negligence, for unless the danger is imminent, and the miner acts negligently in regard thereto, he is not guilty of contributory negligence.

3. *Same.*—A plea alleging that decedent had knowledge that a part of the roof of a mine was loose, but which did not allege the extent thereof, stating merely that it was likely to fall, was not. sufficient to charge decedent with contributory negligence.

4. *Same.*—A plea asserting that decedent knew that it was very dangerous to work where the roof fell after the props had been blown away, without first ascertaining if there was loose rock, and that he, with such knowledge, and with knowledge that there had been no examination, negligently went into the place of danger, was a good plea of contributory negligence.

5. *Same.*—A plea which alleges that it was decedent's duty, after a shot had been made in the face of the heading, to sound the roof and quarry down the loose rock caused by the shot before working under the roof, that he negligently failed to sound the roof and quarry down the loose rock after a shot had been made and loose rock created thereby, and that as a proximate consequence of his negligence, the rock fell on him is good as a plea of contributory negligence against the objection that he did not know that a shot had been fired.

6. *Same; Evidence.*—Where the issue was whether the employer had provided a reasonably safe place for decedent to work, and the evidence showed that decedent was not an experienced miner, a question to a witness whether an experienced miner had knowledge of an insecurely propped roof and could tell when a roof was securely propped and when it was not, was properly excluded as calling for evidence not relevant to the issue.

7. *Same.*—Evidence of the number of props put under the roof after the happening of the accident was not admissible; neither was the evidence admissible as to whose duty it was to take a man out after he was killed.

[Porter v. Tennessee Coal, Iron & Railway Company.]

8. *Same; Independent Contractor.*—A master employing an independent contractor is not liable for the death of an employee of the independent contractor who was under the direction and control of the independent contractor at the time of the accident.

9. *Same; Who Is.*—Where an employer reserved no right to interfere with the details of an employee's work, but only required it to be done by the employee and the men working under him, so as to conform with the contract and rules, such an employee was an independent contractor.

10. *Same; Contributory Negligence.*—Where it is the duty of a miner, after a shot has been fired and a post blown down, to sound the roof, or to see that it is done, and to pull down loose rock before going under the roof, and he fails to do so, but goes under the roof, and is killed by a rock falling on him, there can be no recovery for his death.

11. *Same.*—Where a miner had actual knowledge of the conditions in the mine at the time a rock from the roof fell on him, and such knowledge would suggest to a man of ordinary intelligence the perils of the situation and the danger of work under the roof, and notwithstanding he went under the roof and worked, and as a proximate consequence was killed, there can be no recovery for his death.

12. *Same.*—Where it was the duty of a miner to assist in pulling down loose rock after a shot has been fired, but he negligently failed to do so, and as a proximate result the rock fell on him and killed him, there could be no recovery, notwithstanding it was also the duty of the employer to see that the roof was fixed when defective.

13. *Same.*—Where it was the duty of a miner, after a shot had been fired in the heading where he was at work, to quarry down or assist in quarrying down loose rock before attempting to go back to work in that place, and he failed to do so, no recovery could be had for his death, where he was killed as a proximate consequence thereof.

14. *Same; Employer's Liability Act.*—To authorize a recovery under subdivision 2, section 3910, it must be found that the co-employee whose negligence is alleged to have caused the injury was entrusted by the master with superintendence.

15. *Same; Regulation; Obligation of the Owner.*—Under sections 1021 and 1034, a miner, who knew of the conditions of the mine at the time he attempted to work under a roof after the prop had been blown out, where such knowledge would suggest to an ordinarily prudent man the probability of the roof falling, but who with such knowledge went to work under the roof, and was killed by falling rock, was guilty of contributory negligence, precluding recovery.

16. *Same; Instruction.*—Where the action was for injury to an employee and one of the defenses was that decedent was an employee of an independent contractor, a charge drawing the distinction between an independent contractor, and one who is not, and stating that if decedent was an employee of an independent contractor there could be no recovery, was proper, and was not an invasion of the jury's province.

[Porter v. Tennessee Coal, Iron & Railway Company.]

17. *Witnesses; Impeachment.*—A witness may be impeached by a sworn statement previously made, contradictory of his present testimony.

18. *Appeal and Error; Harmless Error; Evidence.*—Where a witness on re-direct examination fully testifies on the subject of inquiry, any error in excluding such a question on his direct examination is rendered harmless.

APPEAL from Birmingham City Court.

Heard before Hon. CHARLES W. FERGUSON.

Action by Leanna Porter, administratrix of Ira Porter, deceased, against the Tennessee Coal, Iron & Railroad Company. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

The complaint contains 11 counts, the first being under the Employers' Liability Act (Code 1907, § 3910), and counting on the negligence of the superintendent. The second, third, fourth, and fifth counts declare on the negligence of the defendant for not securing the roof of the mine so as to render it safe, and in negligently allowing the slate to fall from the roof upon the intestate, killing him. Counts 6 and 7 are in wanton negligence, and based on the same state of facts. Count 8 declares on the failure to provide a reasonably safe and secure place for intestate to perform the duties of employment. Count 9 is in wanton negligence, based on the same state of facts as count 8. Count 10 is in simple negligence, and is drawn under the first subdivision of the Employer's Liability Act. Count 11 alleges plaintiff's intestate was rightfully at work in said mine at the time of the injury, assisting one Stewart Hollins, who was employed by defendant as a contractor to mine ore from its said mine, and the negligence is alleged to be that of the servants or agents of the defendant, while acting within the line and scope of their employment, in that they negligently permitted the roof of said mine to fall upon intestate.

Plea 3 is as follows: "Plaintiff's intestate was himself guilty of such negligence as proximately contributed to his injuries, in that the said Ira Porter, with knowledge and notice that a part of the top or roof of said mine was loose or in danger of falling, and with knowledge and notice that, should the same fall when he was under or near the same, injury would probably result to him, yet, nevertheless, he went under or near the same, whereby, and as a proximate consequence of which, said rock fell upon him, and so injured him that he died."

Plea 7: "Plaintiff's intestate was guilty of contributory negligence, which proximately contributed to the injuries which caused his death, in that plaintiff's intestate was at work in the defendant's mine at a place in said mine where the roof thereof was unsupported near the face by timbers; that immediately before plaintiff's intestate received his injuries a shot had been made in said mine, and that said shot knocked down the timbers which supported that portion of the roof which afterwards fell upon intestate; that after said timber was so knocked down said roof was left unsupported by timbers a distance of, to wit, 12 feet from the face of the heading; and defendant avers that the work under a roof unsupported for a distance of 12 feet from the face of the heading, without first sounding said roof to ascertain whether or not there were any loose rock therein, and, in the event there was a loose rock, to quarry the same down, was an obvious and patent danger, and that a man of ordinarily reasonable prudence, of like experience as had plaintiff's intestate, would not have attempted to work upon said roof in such condition without first sounding or seeing that the same was sounded and quarried down; and defendant avers that plaintiff's intestate, with knowledge of said timbers having been

knocked out, and with knowledge that said roof was thereby left unsupported the distance of, to wit, 12 feet from the face of the heading, and with knowledge of the fact therein referred to negligently attempted to work under said room so unsupported, and within the distance of 12 feet from the face of the heading, and without first sounding said roof, and quarrying down loose rock, or seeing that it was done, and with knowledge that said roof had not been sounded and loose rock quarried down, and as a proximate consequence of his negligence in such regard he received the injuries that caused his death by reason of said unsupported roof falling upon it."

Plea 8: "That plaintiff's intestate was himself guilty of· contributory negligence which proximately contributed to cause his said alleged injuries, and that said negligence consisted in this: That it was plaintiff's intestate's duty, after a shot had been made in the face of the heading, to sound the roof and quarry down the loose rock caused by said shot before attempting to work under said roof. And defendant avers that after a shot had been made in said mine, the loose rock thereby created, plaintiff's intestate negligently failed to sound said roof and quarry down the loose rock, and that as a proximate consequence of his negligence in such regard the same fell upon him and so injured him that he died."

The following part of the court's oral charge was objected to: "And it would follow that Ira Porter would not be a servant or employee of the defendant, but he would be a servant or employee of Stewart Hollins." In this connection, the record sets out that portion of the oral charge wherein the judge drew the distinction between an independent contractor and when he would not be. Part of the oral charge marked "2," is as follows: "I charge you, gentlemen of the jury, that if

[Porter v. Tennessee Coal, Iron & Railway Company.]

you find Stewart Hollins as an independent contractor, then it would follow that Ira Porter would not be a servant or employee of defendant."

The following charges were given at the instance of the defendant:

(6) "The court charges the jury that, if you are reasonably satisfied from the testimony that it was the duty of Ira Porter, after the shot had been made and the post blown down, before going under the roof where such post had been standing, and in close proximity to where such shots had been made, to sound such roof, and to ascertain if there were any loose rock, or see that it was done, and to pull down such loose rock as was found by such sounding, and you are further satisfied by reason of such testimony that he failed to perform such duty, and went under said roof after the prop had been blown out without first sounding said roof, or seeing that it was sounded, to ascertain whether there was any loose rock, and pulling said loose rock down, and his failure to perform such duty was the proximate cause of his injury, then I charge you that you cannot find for plaintiff."

(7) "The court charges the jury that, if you are reasonably satisfied from the evidence that Ira Porter had actual knowledge of the existing conditions at the time in the mine where he was hurt that would have suggested to a man of ordinary intelligence the perils of the situation, and would have suggested to a man of ordinary intelligence the danger of working under a roof, where the props had been blown out, and where the room had not been sounded or rock quarried, then I charge you that if he did work under such roof with such knowledge, and under such circumstances, and as a proximate result thereof was killed, this plaintiff cannot recover."

(8) "The court charges the jury that if you believe from the evidence that it was the duty of Ira Porter to assist in pulling down the loose rock after a shot had been made, and you further believe that he negligently failed to perform such duty, and as a proximate result thereof received his injuries, then you must find for the defendant, even though you believe from the evidence that it was also the duty of the defendant to set the props and see that the roof was fixed when defective."

(9) "The court charges the jury that, if you are reasonably satisfied from the evidence that Ira Porter had such knowledge of existing conditions at the time he attempted to work under the roof where the props had been blown out as would have suggested to an ordinarily prudent man the probability and danger of the roof falling, and with such knowledge he went to work thereunder, then I charge you he would be guilty of contributory negligence, and you cannot find a verdict for defendant."

(10) "If the jury believe from the evidence that the defendant reserved no right to interfere with the details of Stewart Hollins' work, but only to require it to be done by Hollins, and by the men who were working under him, so as to conform to his contract and the mining rules, the jury must find that Stewart Hollins is an independent contractor; and in the event you do so find, you cannot find for the plaintiff under those counts of the complaint which allege that plaintiff's intestate was an employee of the defendant."

(11) "The court charges the jury that if you are reasonably satisfied from the evidence that it was the duty of plaintiff's intestate, after a shot had been fired in the heading wherein he was working, to quarry down or assist in quarrying down the loose rock before attempting to go back to work in said place, and you

further believe that plaintiff's intestate negligently failed to quarry down such rock, or assist in quarrying it down, and as a proximate consequence of such negligence was killed, your verdict cannot be for the plaintiff."

(12) "The court charges the jury that unless you are reasonably satisfied from the testimony that Hollins was in the employment of the defendant, and intrusted by defendant with superintendence, you cannot find for the plaintiff on account of any negligence on the part of the said Hollins."

(13) "The court charges the jury that if you are reasonably satisfied from the testimony that Stewart Hollins had a contract with defendant for the purpose of taking out ore, and was an independent contractor in the sense that defendant reserved no right to interfere with the details of Hollins' work, but only to require this to be done by Hollins and those men under him whom he had employed, so as to conform to his contract and the mining rules, then I charge you that the defendant would not be responsible to plaintiff for intestate's death resulting from the negligence of said Hollins, if you believe it did so result."

DENSON & DENSON, for appellant. Demurrer to plea 3 as an answer to count 6 should have been sustained, as count 6 was a good count of wanton or intentional negligence.—*M. & C. R. R. v. Martin*, 117 Ala. 382; *So. Ry. v. Bunt*, 131 Ala. 595; *Martin v. U. S. & N.*, 163 Ala. 218. Contributory negligence is no answer to such a count.—*H. A. & B. v. Robbins*, 124 Ala. 118. The same argument applies to assignments of error from 3 to 9 inclusive, and is adopted in support thereof. The court erred in overruling demurrer to plea 3 as an answer to the other counts in the complaint.—*So. Ry. v. Bunt,*

*supra; Foley v. Pioneer M. & M. Co.,* 144 Ala. 182; *Tutwiler C. C. & I. Co. v. Farington,* 144 Ala. 166; *Mascot C. Co. v. Garrett,* 156 Ala. 297. The mere fact that one's conduct is characterized by a danger does not render such an one guilty of contributory negligence.— *Green v. Bessemer C. I. & L. Co.,* 50 South. 292. The same arguments applies to assignments 11 to 18 inclusive, and is adopted in support. The court erred in overruling demurrer to plea 7 as an answer to the com-. plaint.—Authorities supra. This argument covers assignments 20 to 27, inclusive, and is adopted in support thereof. The court erred in overruling plaintiff's demurrer to plea 8 as an answer to complaint.—*Mascot C. Co. v. Garrett, supra; Tutwiler v. Farington, supra; Osborn v. Ala. S. & W. Co.,* 135 Ala. 575. This same argument applies to assignments 29 to 36 inclusive, and is adopted in support thereof. Counsel discuss assignments of error relevant to the evidence, but without further citation of authority. Counsel discuss charges given for defendant and insist that there was error, and in support thereof cite *So. Ry. v. Shelton,* 136 Ala. 208; *Brown v. L. & N.,* 111 Ala. 288; *Osborn v. Ala. S. & W. Co., supra; Toomey v. Donnovan,* 158 Mass. 232; 2 Leb. 1978; 1 Dresser 253; 16 A. & E. Enc. of Law, 199.

PERCY, BENNERS & BURR, for appellee. Plea 3 was good as an answer to the complaint.—*Turner v. L. & N.,* 50 South. 124; *Briggs v. T. C. & I.,* 50 South. 1026. Counsel discuss the other assignments of error relative to the pleadings and the evidence, but without further citation of authority. They insist that count 9 charges the corporate trespass without evidence to support it, and therefore the affirmative charge is properly given thereto. They insist that the undisputed testimony shows Hollins to have been an independent contractor

and consequently, there was nothing to support count 7, and hence, the affirmative charge was properly given thereon.—*Harris v. McNamara Bros.*, 97 Ala. 181; *Dallas Mfy. Co. v. Townes*, 148 Ala. 146. The evidence charged intestate with knowledge of the dangerous condition and undisputedly shows that with such knowledge he went to the place and attempted to work. This is sufficient to deny a recovery under count 6.—*Knowles v. Sloss-S. S. & I. Co.*, 129 Ala. 410.

SIMPSON, J.—This action is brought by the appellant for the death of her intestate, Ira Porter, who came to his death by the falling in of a quantity of slate from the roof of the mine in which said intestate was working.

The general charge was properly given in regard to the wanton counts of the complaint, as there is no evidence tending to show willful, wanton, or intentional misconduct on the part of the defendant. This eliminates all questions, raised on pleadings or otherwise, in regard to those counts.

The demurrer to plea 3 should have been sustained. When a plea is stated in the alternative, each alternative statement must make out a defense, or the plea is bad. The allegation that plaintiff's intestate knew that a part of the roof was "in danger of falling," and that, should the same fall, injury would result, is not sufficient. A person working in such a business must know that there is danger all the time; yet, unless the danger is imminent, and he acts negligently in regard thereto, he cannot be said to be contributorily negligent.—*Osborne, Adm'r, v. Ala. Steel & Wire Co.*, 135 Ala. 571, 576, 33 South. 687; *Mobile & Birmingham Railway v. Holborn*, 84 Ala. 133, 137, 4 South. 146; *Tutwiler Coal, Coke & Iron Co. v. Farrington*, 144 Ala. 158, 161, 166,

[Porter v. Tennessee Coal, Iron & Railway Company.]

39 South. 898; *Green v. Bessemer Coal, I. & L. Co.,* 162 Ala. 609, 50 South. 290, 292; *Foley v. Pioneer M. & Mfg. Co.,* 144 Ala. 179, 182, 40 South. 273. See also, *Simmerman v. Hills Creek Coal Co.,* 170 Ala. 553, 54 South. 426, as to the expression, "under *or near.*"

For a like reason, the other alternative statement, to wit, that he had knowledge that "a part of the top or roof of said mine was loose," is defective. It does not show what was the extent of the looseness. It may have been so slight as not to suggest danger. The latter part of the plea merely states what was likely to occur, in case the roof did fall.

There was no error in overruling demurrers to plea 7. It was not necessary to aver that there were loose rock, etc. The gravamen of the plea is that plaintiff's intestate had knowledge of the fact that it was obviously very dangerous to work there after the props had been blown away, without first sounding and ascertaining if there was loose rock, and, if so, quarrying it out, and that plaintiff's intestate, with this knowledge and the knowledge that there had been no examination, went negligently into the place of danger.

There was no error in overruling the demurrers to plea 8. The plea alleges that it was the duty of plaintiff's intestate, after a shot had been made, to sound the roof; and it is hypercritical to say that it is not alleged that plaintiff's intestate knew that a shot had been fired. It was his duty to see and know that.

There was no error in sustaining the objection to the question to the witness Stewart Hollins: "Does an experienced miner have knowledge of an unsecurely propped roof; can he tell when a roof is securely propped and when it is not?" It was not relevant to the issue in this case, to wit, whether the defendant had provided a

reasonably safe place for plaintiff's intestate to work in. Intestate was not shown to be an experienced miner.

If there was error in sustaining defendant's objection to the question to the witness Hollins, "If this timber that was knocked out had been the kind of timber you told Mr. Green to put there, would it, or not, have been knocked out?" it was not prejudicial, as, on re-examination, the witness explained fully about the timber, and there is no evidence that he told Green to put any particular kind of timber in.

The question to the same witness, as to whether, after drilling a hole, he could not shoot, if Meecham told him not to, was subsequently answered by the witness, and no error can be predicated on the sustaining of the objection to the question.

It was not material to the issues in this case how many props the witness Green put under the roof after the accident. Hence there was no reversible error in sustaining the objection to the question on that subject.

If there was error in sustaining the objection to the question to the witness Tamplyn, in regard to what the timber boss should do when it was found that the rock was loose, and that the prop blew out from the shot, it was without injury, as the witness afterward explained fully what should be done.

It was not material to any issue in this case as to whose duty it was to take a man out after he was killed. Hence there was no reversible error in sustaining objections to the question on that subject.

There was no reversible error in the admission of the sworn statements previously made by the witness Stewart Hollins, for the purpose, stated by the court, "of contradicting him on certain matters."

[Porter v. Tennessee Coal, Iron & Railway Company.]

There was no error in that part of the oral charge of the court marked (1), in connection with the entire instruction as set out in the bill of exceptions. It did not invade the province of the jury, but merely instructed them as to the law of an independent contractor.

There was no error in the part of the oral charge of the court marked (2). The evidence shows without conflict that the intestate was under the direction and control of Hollins; and, if Hollins was an independent contractor, it follows that intestate was not an employee of the defendant.

There was no error in giving the general charge as to the wanton counts 6, 7, and 9, as there is no evidence tending to support them.

There was no error in giving the charge marked 6 in the record.

There was no error in giving the charge marked 7 in the record.

There was no error in giving the charged marked 8 in the record. The matter referred to in said charge was set up as contributory negligence in the eighth plea.

The court committed no error in giving the charge marked 9 in the record. Sections 1021 and 1034, Code of 1907.

There was no error in giving charge marked 10 in the record.

There was no error in giving charge marked 11 in the record. It answers to the allegations in plea 8.

There was no error in the giving of charge marked 12 in the record.

There was no error in the giving of charge numbered 13 in the record.

The judgment of the court is reversed, and the cause remanded.

Reversed and remanded. All the Justices concur, except DOWDELL, C. J., not sitting.