# Birmingham Candy Co. *v.* Shepherd.

### Injury to Servant.

(Decided October 19, 1915.   Rehearing denied December 8, 1915.
70 South. 193.)

1. **Master and Servant; Injury to Servant; Jury Question.**—Under the evidence in this case it was a question for the jury whether the danger of running the fingers into a hole for the purpose of removing an obstruction which prevented the chocolate from flowing from the mixer, was so obvious to a person of ordinary intelligence as to relieve the employer of the duty of warning the servant.

2. **Same; Duty to Warn.**—Although a danger was so obvious to a person of ordinary intelligence as to relieve an employer of the duty of warning the

[Birmingham Candy Co. v. Shepherd.]

servant, in the first instance, yet if, from inexperience, or any other cause, the employee did not fully understand and appreciate the danger, and the employer knew this, it was the employer's duty to warn and instruct the employee regarding such danger.

3. **Same; Jury Question.**—Where the superintendent of the employee admitted that he had seen other employees removing the chocolate with their fingers to remove an obstruction which prevented the chocolate from flowing through the mixer, and, although he said he had never seen plaintiff do so, yet where she testified that she was in the habit of so doing, and it appeared that the superintendent was around the place directing affairs, it was a question for the jury as to whether the superintendent knew of the habit of the employees of removing the chocolate with their fingers.

4. **Same.**—Where the superintendent of the employer had known an employee all her life, she being then eighteen years old, and there was evidence affording some basis for the inference that he knew the extent of her experience with machinery, the extent of his knowledge as to her inexprince was a jury question.

5. **Same; Duty to Warn.**—Ordinarily the law imposes no duty upon an employer to warn and instruct an employee as to dangers so patent and obvious to persons of ordinary intelligence, yet he is bound to disclose to the employee the latent defects and dangers of which he has knowledge, or ought, in the exercise of reasonable care, attention and diligence, to have knowledge, and of which the employee has no knowledge, and which are not discoverable by the exercise of reasonable care on the part of the employee.

6. **Same.**—A minor of tender years does not understand and appreciate dangers, presumptively, although patent and obvious, and it is the duty of the employer to warn or instruct such employee unless it can be shown by the employer that the injured employee did, in fact, understand and appreciate the danger.

7. **Same.**—When an employee has reached the age of eighteen years she is presumed to have sufficient understanding to appreciate obvious danger, and the burden rests on such employee to show that from inexperience or other causes, she did not understand or appreciate the danger, and that the employer knew this.

8. **Same.**—The mere fact of minority does not of itself impose upon the employer any other or greater degree of care, as a minor employee assumes the risk as fully as an adult, it being the immaturity of mental and physical faculties and capacity, and not the mere fact of mniority for which the employer must have special regard; hence, instructions which give too much prominence to the fact that plaintiff was a minor, were improper.

9. **Same.**—Where the court charged it was the duty of one employing an inexperienced person, to warn or instruct such person, if the employment required working with a dangerous piece of machinery, or in a dangerous place, that it would be the duty of the person so employing such inexperienced or youthful person to warn and instruct them, and to call their attention to the nature and character of the machinery, and those dangerous elements to be avoided, and that it would be negligence to fail to so warn and instruct such person, such charges pretermitted a consideration of the obviousness of the danger and the employer's knowledge of the employee's inexperience, and were erroneous, and were not cured by an instruction given at plaintiff's request correctly stating the law.

[Birmingham Candy Co. v. Shepherd.]

APPEAL from Birmingham City Court.

Heard before Hon. JOHN C. PUGH.

Action by Miss E. M. Shepherd against the Birmingham Candy Company, for damages for injuries while attempting to remove an obstruction from a candy mixer. Judgment for plaintiff and defendant appeals. Reversed and remanded.

STOKELY, SCRIVNER & DOMINICK, for appellant. HARSH, HARSH & HARSH, and R. C. REDUS, for appellee.

THOMAS, J.— (1) Action by appellee against appellant under subdivision 2 of section 3910 of the Code (the employers' liability statute) for alleged negligence of defendant's superintendent in failing to warn plaintiff of the danger of running her hand into the hole of a certain machine, known as a chocolate mixer, operated by defendant at its candy factory; where plaintiff was employed, and where she was at the time of the accident engaged, as a part of her duty, in taking or removing from said mixer chocolate that had been mixed by said machine.

The machine consisted of an iron kettle, some 3 feet in diameter, which rested upon iron legs screwed to the floor, and was about 2½ feet high. Inside of the kettle there were two sets of paddles or knives, which, when the machine was being operated (which was done by electric power), turned or revolved something like the center piece in an ice cream freezer. The top of the kettle or mixer was uncovered or open, and through it the knives or paddles were visible, except when the kettle was full. Plaintiff, who had been working at the machine several months, admitted that she had seen the knives or paddles and knew that they were in the kettle. Near the bottom of the kettle, and just above where it was joined to the legs on which it rested, there was an opening in the side of the kettle for the chocolate that had been mixed therein to run out. The opening was circular in form and about 2½ inches in diameter, covered with a small metal gate or door, that was opened and closed by a thumb or hand piece from the outside which worked the latch. Plaintiff had nothing to do with the operation of the machine. Her only duty with respect to the machine was to draw out the mixed chocolate into vessels through the opening mentioned. On the occasion of the accident, when she lifted the latch and opened the metal door or gate to this opening, the chocolate did not run

out, as it usually did, and she found upon examination that the reason why it did not do so was that it had frozen at the mouth of the opening, as was frequently the case before that, and was obstructing the flow.  In order to remove it, she ran her fingers into the opening, and one of them was cut off by the revolving knives or paddles mentioned, which is the injury complained of.

The distance from the outside of the opening to the inside of the kettle where the knives or paddles revolved was about $3\frac{1}{2}$ inches, but plaintiff says that, although she knew the knives or paddles were revolving in the kettle, yet she did not know that they revolved that near the outside surface of the opening mentioned, or as low down in the kettle as was the opening.  It does not conclusively appear that she could have made this discovery, even if she had at any time looked in from the open top of the kettle.  She says that frequently before this she had removed the frozen chocolate from the opening with her fingers and received no injury, and that, while she was never told to do so, no one ever told her not to do so, or suggested or provided other means for removing the frozen chocolate from the opening.

While it does not conclusively appear that defendant knew that plaintiff was in the habit of removing the frozen chocolate in the way mentioned, yet defendant's superintendent, Gilmore, admitted that he had seen the other girls in the factory, who were engaged there in the same capacity as plaintiff, remove the frozen chocolate from the opening mentioned with their fingers, and that he had reproved them for so doing, but that at that time plaintiff was some six feet away and he does not know that she heard the reproof, as the running machinery was making so much noise.  She testifies that she did not hear the reproof, and the negligence she relies on for recovery is the failure of said superintendent to warn her of the danger of running her fingers into said opening.

It appears that plaintiff was an intelligent young white girl, 18 years of age, at the time of the accident, but that the only experience she had ever had at work before being employed by defendant was a short time at a cracker factory, and that defendant's superintendent had known her all her life, and the evidence afforded some basis for an inference that he knew the extent of her experience.

(2-4) Defendant pleaded the general issue and contributory negligence, and at the conclusion of the evidence requested the

general affirmative charge, which the court refused. We are unwilling to say that the court erred in this particular, for, even if we could say, as a matter of law, from the facts and circumstances detailed, which defendant contends we should say, but which we think a jury question in this case, that the danger of running the finger into the hole mentioned was so obvious to a person of ordinary intelligence as to relieve the defendant of giving any warning in the first instance, yet defendant would not be entitled to the affirmative charge, if it appeared (and there is some basis in the evidence for such an inference) that plaintiff from inexperience did not fully understand and appreciate that danger and that defendant knew it. Defendant's superintendent admitted that he had seen the other girls removing the chocolate with their fingers and warned them not to do so; He never warned plaintiff, and, though he says he never saw her do so, yet she says she was in the habit of doing so, which, coupled with the fact that the superintendent, was in and around the place directing affairs, furnishes circumstantial evidence tending to impeach his statement that he had never seen plaintiff removing the chocolate with her hands, thereby making it a jury question, as well as it was a jury question as to the extent of his knowledge of her previous inexperience with machinery.

(5) The general principles of law applicable to this case are that, while the law imposes no duty on the master to warn and instruct his employees as to dangers which are patent and obvious to persons of ordinary intelligence, yet the master is bound to disclose to the servant the latent defects and dangers of which he has knowledge, or of which he ought to have knowledge in the exercise of reasonable care, attention, and diligence, and of which the servant has no knowledge and which are not discoverable by the exercise of reasonable care on the part of the servant; and even where the danger is patent or open to observation, it is the duty of the master to warn and instruct in regard to it, if through inexperience, or any other cause, the servant, to the knowledge of the master, does not understand fully and appreciate the nature and extent of it.—20 Am. & Eng. Ency. Law (2d Ed.) 3 et seq.

(6, 7) Presumptively, a minor of tender years has not such understanding and appreciation, and where he or she is the employee it is the duty of the master to give such warning or instruction, unless it be shown by the master in a suit against him

[Birmingham Candy Co. v. Shepherd.]

that such servant in fact did understand and appreciate the danger; but where the servant, though a minor, has, as had the plaintiff in this case, reached the age of 18 years, then the presumption is that she has sufficient understanding to appreciate obvious dangers, and the burden rests on her to show that from inexperience or other causes she did not, and this to the knowledge of the master.—*King v. Woodstock Iron Co.*, 143 Ala. 632, 42 South. 27; 20 Am. & Eng. Ency. Law (2d Ed.) 94 et seq., and Alabama cases there cited; 4 Mayf. Dig. 144, § (b) 9; 5 Mayf. Dig. 643, § 12; 6 Mayf. Dig. 575, § 5, p. 576, § 6; *Holland v. R. R. Co.*, 91 Ala. 444, 8 South. 524, 12 L. R. A. 232; *L. & N. R. R. Co. v. Banks*, 104 Ala. 508, 16 South. 547; *Ala. Steel & Wire Co. v. Wrenn*, 136 Ala. 475, 34 South. 970.

We find nothing in our application of the principles stated to the facts of the case at bar, in holding that the court did not err in refusing the affirmative charge for defendant, to conflict with the application of them as given by our Supreme Court in the cases of *Brammer v. Pettyjohn*, 154 Ala. 616, 45 South. 646, 129 Am. St. Rep. 71, and *Warble v. Sulzberger Co. of America*, 185 Ala. 603, 64 South. 361 (cited by appellant), and where the court held the affirmative charge to be proper. The facts and circumstances with which the court was dealing in those cases are so different from those here, which will so fully and clearly appear from an examination of those cases, as to relieve the necessity, we think, of distinguishing them by a discussion, from the case at bar.

(8) We are of opinion, however, that the lower court did err in the present case in some other of its rulings with respect to charges. For instance, the court gave at plaintiff's request the following written charges, to-wit: (1) "If the jury are reasonably satisfied from the evidence that plaintiff was 18 years old only at the time she was injured, and that as to the dangers of the machine, if any, she was a green hand or inexperienced hand, and further that it was her duty as defendant's employee to take the chocolate from the gate or opening of the mixer, and that, if same got too hard to run out, it was her duty to remove the obstruction, and if the jury are further reasonably satisfied that from such youth and being a green hand it was dangerous for her to remove such obstruction from such gate or opening with her hand, and that a girl of her youth and such condition of greenness would likely attempt to do so with her hand, and

further that Gilmore was defendant's superintendent, and hired plaintiff, and knew of her youth and greenness, then it was his duty to promptly give her proper and sufficient warning or instructions, and not to negligently wait and let the cutting off of her finger be her warning."

(2) "It is the duty of a superintendent, putting a minor who is a green hand at the work, to work, when the doing of the work would likely lead to danger by reason of the youth and inexperience, to warn or instruct such young and inexperienced person as to the danger or the proper manner of avoiding it, provided he knows that such person is young and green in the work."

With respect to both of these charges, as well as with respect to those parts of the oral charge of the court that were excepted to, we may quote as appropriate what was said by our Supreme Court in condemning similar charges in the case of *Alabama Mineral R. R. Co. v. Marcus*, 115 Ala. 389, 22 South. 135, to-wit: "Too much prominence was given by the court below in its charges to the jury to the fact that the plaintiff was a minor at the time he received the injuries of which he complains, in view of the further fact that he was approaching his majority, being about 19 years old, and was fully matured physically and mentally for one of his age, or, more accurately speaking, perhaps, the court unduly obscured these latter facts. A minor upon entering contractually upon a given service assumes the risks thereof as fully as does an adult; and the mere fact of minority does not, of and in itself, necessarily impose upon the master any other or greater degree of care in respect of the minor than would be upon him had the servant attained full age. It is the immaturity of mental and physical faculties and capacity, which is incident to some minors, but not all, but not the mere fact of minority, which the master must have special regard for; and where in a given instance of minority this immaturity is wanting, the minor stands upon the plane of adults. On this view, charges 8 and 11 given for plaintiff, and perhaps others so given, and also certain declarations in the charge given ex mero motu to the jury, were faulty." .

In the case of *King v. Woodstock Iron Co.*, 143 Ala. 632, 42 South. 27, our Supreme Court also said:

"The intestate, being 18 or 19 years of age, is presumed to have been of sufficient intelligence to assume the risk of the employment to the same extent as if he was 21, and if he was

[Birmingham Candy Co. v. Shepherd.]

inexperienced, and needed special instruction, that was a matter to be shown by evidence on the part of the plaintiff.—*Williams v. S. & N. R. R. Co.*, 91 Ala. 635, 9 South. 77; *Lovell v. DeBardela-ben Coal & Iron Co.*, 90 Ala. 15, 7 South. 756."

(9) The defendant excepted to the following portion of the court's oral charge to the jury, to-wit: "It is the duty, gentlemen, I neglected to say, of any one employing an inexperienced person, particularly a minor, or young person, to warn or instruct such person, if employed, whose employment would require either working with a dangerous piece of machinery or in a dangerous place, and if such machinery is dangerous, or of such a character as to involve an element of danger in and about the working with this character of machinery, it would be the duty of the person so employing such inexperienced or youthful person, to warn or instruct them—call their attention to the nature and the character of the machinery and the dangerous elements, if any, to be come in contact with, and to be avoided, and it would be negligence in such a person so employing, a superior, such as a superintendent, as charged here, under such circumstances, to fail to so warn or instruct such a person."

And defendant separately and severally excepted to the following portions of the foregoing portion, to-wit: (1) "It is the duty, gentlemen, I neglected to say, of any one employing an inexperienced person, particularly a minor, or young person, to warn or instruct such person, if employed, whose employment would require either working with a dangerous piece of machinery or in a dangerous place."

(2) "And if such machinery is dangerous, or of such a character as to involve an element of danger in and about working with this character of machinery, it would be the duty of the person so employing such inexperienced or youthful person, to warn or instruct them, call their attention to the nature, and the character of the machinery, and the dangerous elements, if any, to be come in contact with, and to be avoided, and it would be negligence in such a person, so employing, a superior, such as a superintendent, as charged here, under such circumstances to fail to so warn or instruct such a person.

The exceptions were well taken, as it will be observed that each portion excepted to pretermits a consideration by the jury of the obviousness of the danger, as well as knowledge on the part of the master of the servant's inexperience. We have here-

[Birmingham Railway, Light & Power Co. v. Torpy.]

inbefore pointed out that, if the danger is obvious or patent to a person of ordinary intelligence, the master is under no duty to warn the servant, even though the servant be under 21 years of age, unless the servant, to the knowledge of the master, is inexperienced and does not fully understand and appreciate the danger.

(10) The defects of the portion of the charge excepted to were not cured, covered, or corrected by any other portion of the oral charge of the court. Nor does the fact that one of the written charges given at plaintiff's request did state the law in the particular mentioned cure this error of the oral charge.—*B. R., L. & P. Co. v. Seaborn,* 168 Ala. 658, 53 South. 242; *Snyder's Case,* 145 Ala. 36, 40 South. 978; *Birmingham Ry., L. & P. Co. v. Hoskins, infra,* 69 South. 339.

We find no other error in the record. For those pointed out, the judgment is reversed, and the cause remanded.

Reversed and remanded.