(80 South. 364)

BEDGOOD v. T. R. MILLER MILL CO.
(3 Div. 290.)

(Supreme Court of Alabama. Nov. 28, 1918.)

1. PLEADING ☞9—CONCLUSIONS FROM FACTS ALLEGED.

Servant's action for injury plea, charging contributory negligence and assumption of risk, *held* to contain sufficient statement of facts, in connection with the full statement in the complaint, to support the conclusion charged in the plea.

2. MASTER AND SERVANT ☞265(11) — DANGEROUS MACHINERY — MINOR SERVANTS — PRESUMPTION.

There is no presumption of law that a 17 year old minor, working as off-bearer in a lumber mill, lacked either experience or intelligence which would warn him of danger involved in replacing belt upon rapidly revolving pulley.

3. APPEAL AND ERROR ☞1040(13) — HARMLESS ERROR — OVERRULING DEMURRER TO PLEA.

In servant's action for injury, where count admitted it was dangerous for plaintiff to place belt on revolving pulley, but alleged lack of appreciation of danger and failure to warn, there was no prejudicial error in overruling demurrer to plea, in effect plea of general issue, alleging that act was dangerous, and that danger was as open and obvious to plaintiff as to defendant.

4. MASTER AND SERVANT ☞262(3) — PLEADING—ASSUMPTION OF RISK.

In servant's action for injuries, plea *held* insufficient to allege assumption of risk.

5. MASTER AND SERVANT ☞217(25) — INJURIES TO SERVANT—CHOICE OF METHODS.

To constitute assumption of risk by servant through choice of more dangerous method, it is not enough that he knew of a safer way, but the safer way must have been reasonably available to him.

6. MASTER AND SERVANT ☞262(3)—INJURIES TO SERVANT — PLEADING — ASSUMPTION OF RISK.

In servant's action for injuries, plea of assumption of risk by choice of more dangerous method *held* demurrable for failure to allege that the safer way was available to plaintiff.

7. APPEAL AND ERROR ☞1042(1)—HARMLESS ERROR.

Elimination of a special replication to a plea which was but a repetition of the allegations of the complaint was not prejudicial.

8. MASTER AND SERVANT ☞270(7)—INJURIES TO SERVANT — EVIDENCE — SUBSEQUENT REPAIRS.

As general rule, it is not competent, in servant's action for injuries, to show that the master has since the injury repaired the machinery alleged to have been defective, or the dangerous premises, as tending to show anterior negligence with respect thereto.

9. MASTER AND SERVANT ☞270(7)—INJURIES TO SERVANT — EVIDENCE — SUBSEQUENT REPAIRS.

In servant's action for injury, evidence that since the accident the master has repaired the alleged defect, though admissible to contradict or impeach a witness or lessen the weight of expert opinion, is not admissible to show anterior negligence as an independent fact.

10. WITNESSES ☞404—IMPEACHMENT—SUBSEQUENT REPAIRS—CONTRADICTION.

In servant's action for injuries in machinery, testimony of master's superintendent that no device could be rigged up to prevent such injury, and that none had been installed, was subject to impeachment by evidence that the machinery had been boxed in since the accident.

11. APPEAL AND ERROR ☞1048(7) — HARMLESS ERROR.

In servant's action for injuries in machinery, exclusion of evidence that since the accident the machinery had been boxed in, which was offered in impeachment of superintendent's testimony to the contrary effect, *held* prejudicial.

12. MASTER AND SERVANT ☞270(9) — INJURIES TO SERVANT—EVIDENCE—PREVIOUS ACCIDENT.

In servant's action for injuries in machinery, evidence that another minor, a year or two previously, was injured in the same manner at the same place, and that he did not appreciate the danger, was not admissible.

Appeal from Circuit Court, Escambia County; A. E. Gamble, Judge.

Action by Sidney Bedgood, by his next friend, R. L. Bedgood, against the T. R. Miller Mill Company, for damages for personal injury while in the service of the defendant. Judgment for the defendant, and plaintiff appealed. Reversed and remanded.

The plaintiff, while in the service of the defendant as off-bearer for a ripper saw, was injured in attempting to replace a belt on a pulley from which it had slipped while the driving shaft was revolving. Count 1 was framed under subdivision 1 of the Employers' Liability Act (Code 1907, § 3910), and

charges a defect in one or more of the pulleys, belt, or shaft upon which plaintiff was operating when injured.

Count 5 is framed under subdivision 2 of said act, and ascribes plaintiff's injury to the negligence of the superintendent of the defendant in requiring plaintiff to place belts on pulleys without warning him not to do so while they were revolving. It is alleged that such acts were dangerous, and that plaintiff did not appreciate the danger, owing to his youth and inexperience, which was known to said superintendent. Each count contains the following statement of the circumstances and mode of the injury:

There was a driving shaft below the floor upon which said machine the plaintiff was working was situated, and one end of said belt passed over a pulley on said driving shaft, and said belt was twisted, so as to resemble somewhat the figure "8," and the other end passed over another pulley that operated another shaft, which in turn operated the machine in connection with which the plaintiff was working. While the plaintiff was so employed, said belt slipped off the pulley upon said first-mentioned driving shaft, and stopped the machine in connection with which the plaintiff was working, and it became necessary to replace the said belt upon the pulley on said driving shaft first mentioned, in order to continue the operation of said machine, and the plaintiff undertook to replace said belt upon said driving shaft while said shaft was revolving, and, while doing this, he was caught by said belt and shaft, and his arm torn off, his side punctured, and his head, legs, and body otherwise greatly bruised and lacerated, and from such injuries he suffered greatly in body and mind, has lost much time, and was permanently maimed and rendered less able to earn a living.

The cause was submitted on the general issue and special pleas 3, 9, (a), (b), and (c), to count 1, and pleas 3, 9, and (a), to count 5. Plea 3 is as follows:

That at the time it was alleged in the complaint that the plaintiff was injured, he was engaged in placing a belt upon a pulley, which pulley was revolving at a rapid rate of speed, and to so attempt to place the said belt upon the said pulley while the same was revolving was dangerous, which danger was open and obvious, and as open and obvious to the plaintiff as it was to the defendant, and, as a proximate result of the plaintiff's negligence in attempting to place the said belt upon the said revolving pulley, the plaintiff was injured, and by attempting to place said belt upon said revolving pulley, the plaintiff thereby assumed the risk.

Plea 9 is as follows:

The plaintiff himself was guilty of negligence, which negligence proximately contributed to his own injury in this: The plaintiff negligently attempted to place a belt upon a pulley revolving at a rapid rate of speed, to wit, 100 to 200 revolutions per minute, when the plaintiff knew there was a safer way to put the said belt on said pulley; that is to say, by stopping the said pulley of shafting from revolving, or slowing the said pulley or shafting down. And the plaintiff chose the obvious dangerous way of attempting to place the said belt on the pulley while the said pulley was revolving as above stated.

The other assignments of error are fully discussed in the opinion.

Gregory L. Smith & Son, of Mobile, for appellant.

Page & McMillan, of Evergreen, for appellee.

SOMERVILLE, J. [1] Pleas 3 and (a), to which demurrers were overruled, charge both contributory negligence and assumption of risk. Whether they be treated as the one or the other, we think the statement of facts in the pleas, in connection with the full statement in the complaint, is sufficient to support the conclusion charged, in so far as the pleas answer the first count. Ritch v. Kilby F. & S. Co., 164 Ala. 131; 51 South. 377.

[2] There is no presumption of law that a minor 17 years of age, engaged in this work, lacked either the experience or the intelligence which would warn him of the danger involved in replacing a belt upon a rapidly revolving pulley. If he was so lacking, the burden is upon him to plead and prove it.

These pleas are not based upon the conduct of plaintiff in remaining in defendant's service with knowledge of a defect in the machinery with which he was working, but upon his own independent and negligent conduct in handling it. Hence the case of Clinton Mining Co. v. Bradford, 192 Ala. 576, 69 South. 4, relied upon by appellant in that aspect of his demurrer, is not in point.

[3] As an answer to the fifth count, plea 3 is in effect but a plea of the general issue. This count alleges that it was dangerous for plaintiff to undertake to place the belt on the pulley while it was revolving, but that plaintiff, "on account of his youth and lack of experience, did not understand or appreciate said danger," and that this was known to the superintendent, who required him to do the act in question, without warning him not to do so while the pulley was revolving. The plea also alleges that the act was dangerous, "which danger was open and obvious, and as open and obvious to the plaintiff as it was to the defendant." This evidently means to charge that the danger was apparent to plaintiff notwithstanding his youth and inexperience.

Plea (a) differs from plea 3 only in an immaterial detail, and we hold that there was no prejudicial error in overruling the demurrer to these pleas.

[4] As pleas merely of assumption of risk, it may be conceded that these pleas were not good against count 5. L. & N. R. R. Co. v. Handley, 174 Ala. 593, 56 South. 539. But, as pointed out above, they are, in their allegations, pleas of contributory negligence.

Plea 9 sets up contributory negligence, in

that plaintiff chose an obviously dangerous way of proceeding when he "knew that there was a safer way to put said belt on the said pulley; that is to say, by stopping the said pulley or shafting from revolving, or slowing the said shafting or pulley down." Plaintiff demurred to this plea on the ground that it does not allege that the safer way was available to him.

"A corollary from the rule that an employé is bound to use ordinary care to avoid injury is that, when there are two ways of discharging the duties incident to his employment apparent to the employé—one dangerous and the other safe, or less dangerous—he must select the safe, or less dangerous way. * * * But this rule rests on the hypothesis that he can perform his duties as well and efficiently in one way as the other." H. A. & B. R. R. Co. v. Walters, 91 Ala. 443, 8 South. 360; Mobile, etc., R. R. Co. v. Bromberg, 141 Ala. 258, 276, 38 South. 127.

[5, 6] It is not enough that plaintiff merely knew of a safer way to do the act in question, but the safer way must have been reasonably available for adoption by him. We think the demurrer to this plea was well taken, and should have been sustained.

[7] Plaintiff's special replication to plea 9, as an answer to count 5, was but a repetition of the allegations of the complaint, and was therefore an unnecessary addition to the pleadings. Its elimination was not prejudicial.

The only other questions presented are upon the exclusions of evidence offered by the plaintiff.

Defendant's superintendent, Evans, testified on direct examination, relative to the shafts, pulleys, and machinery where plaintiff was hurt—

"That as far as he could see there could be no device rigged up on that situation there to relieve the danger of that situation; that since this boy was hurt they have not rigged up appliances there for that very purpose; * * * that he tried to figure something, but couldn't do it; * * * that there is nothing but the plain pulley and the plain shaft."

Plaintiff thereupon asked the witness, "The shaft hasn't been boxed in between the pulley and the post?" On objection by defendant, plaintiff's counsel stated to the court that he expected to show by the answer that after the accident the shaft was boxed in between the pulley and the post, so that when the belt slipped off of the pulley it would slip upon the boxing, and that it could be slipped back upon the pulley with much less danger than was incident to putting the belt back without the boxing. The question was excluded.

[8] It is a rule of general, if not universal, recognition that it is not competent in actions like this to show that the defendant has, since the injury, repaired or changed the machinery or premises, whose defective condition is alleged to have caused the injury, as tending to show anterior negligence with respect thereto. This court has repeatedly so ruled. Burnwell Coal Co. v. Setzer, 191 Ala. 398, 67 South. 604; Going v. A. S. & W. Co., 141 Ala. 537, 37 South. 784; Davis v. Kornman, 141 Ala. 479, 37 South. 789; Porter v. T. C. I. & R. Co., 177 Ala. 406, 59 South. 255; 18 R. C. L. 126, § 121.

[9] But where such evidence is offered, not to show anterior negligence as an independent fact, but to contradict or impeach a witness, or to lessen the weight of his expert opinion, it is admissible in proper cases for that purpose on general principles of relevancy and propriety; and numerous cases recognize and illustrate the rule. Frierson v. Frazier, 142 Ala. 232, 37 South. 825; Going v. A. S. & W. Co., 141 Ala. 537, 37 South. 784; Young v. Hahn, 69 S. W. 203; Love v. Chambers Lbr. Co., 64 Or. 129, 129 Pac. 492; Phillips v. H. B. Shoe Co., 178 Mo. App. 196, 165 S. W. 1183. So, also, other special issues of fact may arise which render this evidence relevant and admissible. L. & N. R. R. Co. v. Malone, 109 Ala. 518, 20 South. 33; C., O. & G. R. R. Co. v. McDade, 191 U. S. 64, 69, 24 Sup. Ct. 24, 48 L. Ed. 96; Brazil Block Coal Co. v. Gibson, 160 Ind. 319, 66 N. E. 882, 98 Am. St. Rep. 281.

[10, 11] In the present case the testimony of the witness Evans, as quoted above, was clearly subject to impeachment by the question propounded, and its exclusion was prejudicial error.

We think the trial judge erred, also, in excluding the question to plaintiff's witness Crenshaw, testifying in rebuttal as to the condition of the shaft after the time of the accident, "was there a box built over this shaft?"

[12] The facts that plaintiff's witness Baxley got hurt at the same place and in the same way as plaintiff a year or two previously, and that he was then about the same age as plaintiff when the latter was hurt, and that he did not appreciate the danger of putting the belt back on the pulley while it was in motion, were properly excluded from the evidence. Baxley's individual experience and intelligence, or lack of it, could shed no legitimate light on plaintiff's conduct, even though conditions may have been similar.

It is insisted by appellee that, even though the trial court committed error in excluding the questions above noted, there was no prejudice to plaintiff, because defendant was entitled to the general affirmative charge, both upon the plea of the general issue, and upon the pleas of contributory negligence and assumption of risk.

We have examined the evidence with due care, and we are of the opinion that the several issues of fact presented by the pleadings were properly submitted to the jury, since

the evidence permitted reasonable inferences favorable to plaintiff on each of them. Pratt-ville Cotton Mills Co. v. McKinney, 178 Ala. 554, 59 South. 498; Birmingham Candy Co. v. Shepherd, 14 Ala. App. 312, 70 South. 193.

One or two other questions are raised as to rulings on evidence, which, however, may not recur on another trial.

For the errors noted, the judgment will be reversed, and the cause remanded.

Reversed and remanded.

McCLELLAN, SAYRE, and GARDNER, JJ., concur.