Cement Asbestos Products Company (CAPCO), a manufacturer and supplier of pipe, brought suit against Burbic Contracting Company for the price of materials sold to it under an oral agreement. Burbic, in its answer, asserted that the pipes were defective and developed leaks and counterclaimed against CAPCO. CAPCO claimed that the pipe in question was not defective and that the leaks were caused by the improper installation of the pipes by Burbic's employees. As Burbic's surety for a portion of CAPCO's claim against Burbic, Hartford Accident and Indemnity Company was also named as a defendant. Robintech, the manufacturer of the pipe, was joined as a third party defendant.
CAPCO and Burbic made an oral agreement for the sale and purchase of a specified amount of polyvinyl chloride pipe. CAPCO shipped the pipe in several installments. Prior to the initial shipment of the pipe, CAPCO sent a printed acknowledgment form to Burbic. Each shipment also included an invoice on CAPCO's form. The acknowledgment form contained the following contractual limitation of remedies on the reverse side of the form:
 4. WARRANTY: Seller makes no warranties either expressed, implied, or statutory in regard to products or materials sold hereunder by Seller, except, however, if within 90 days from the date of delivery any place is judged by Seller to be defective in material or workmanship, Seller may repair or replace it, but the full measure of Seller's liability shall be the purchase price paid to Seller for said piece. In no event shall Seller be liable for labor or consequential damages.
The front of the form stated: "ALL SALES SUBJECT TO CONDITIONS OUTLINED ON REVERSE SIDE OF THIS ORDER FORM."
The trial court found that the limitation of remedies was not a material addition to the contract within the meaning of Code 1975, § 7-2-207. The trial court also found that under the circumstances, Burbic accepted the limitation of remedies. Furthermore, the trial court stated that the leaks in the pipe were caused not by defects in the *Page 3 
pipe, but by the improper installation of the pipe by Burbic's employees. The trial court awarded $78,858.25 to CAPCO, which represents the unpaid amount owed by Burbic for the pipe. Robintech was found not to be liable. The trial court also found in favor of CAPCO against Hartford, and in favor of Hartford against Burbic. Burbic and Hartford appeal from the judgment entered against them in favor of CAPCO. We affirm the judgment of the trial court.
Burbic and Hartford assert that the trial court erred in applying the limitations of remedies clause in the present case. The appellants attack the clause on several grounds. First, the appellants contend that the clause is a material alteration of the contract under Code 1975, § 7-2-207, and therefore is not part of the terms of the contract. Second, the limitation of remedies is attacked on the grounds that the limitation is not effective under Code 1975, § 7-2-719. Furthermore, the appellants argue that under the circumstances of this case, the limitation of remedies is unconscionable. Code 1975, § 7-2-302. Finally, the appellants urge this Court to set aside the finding of the trial court that the leaks in the pipes were attributable to the improper installation of the pipes by Burbic's employees.
Burbic and Hartford also assert that the trial court erred in failing to admit evidence of subsequent modification of the pipe and evidence of similar claims against CAPCO or Robintech.
Burbic and Hartford attempted to introduce the testimony of another buyer of Robintech's pipe concerning the buyer's complaints and troubles with the pipe. In Meadows v. Coca-ColaBottling, Inc., 392 So.2d 825 (Ala. 1981), this Court held that while under certain circumstances evidence of similar defects may be admissible, the party must lay a proper predicate for the testimony. No predicate was laid showing that the witness had sufficient expertise and knowledge to testify as to his opinion. Burbic also failed to establish that the pipe used by the other buyer was the same type pipe sold to Burbic. The trial court's decision will not be overturned on appeal unless there is a showing of palpable abuse. Id. The trial judge committed no error in refusing to permit the testimony.
The appellants also contend that the trial court erred in refusing to permit testimony concerning the subsequent modification of the pipe to establish CAPCO's and Robintech's breach of warranty. As the appellants admit, the general rule in Alabama and other states is that evidence of repairs or modifications made by a defendant after the alleged injury occurs is not admissible to show the defendant's antecedent negligence. Montgomery v. Quinn, 246 Ala. 156, 19 So.2d 529
(Ala. 1944); Bedgood v. T.R. Miller Mill Co., 202 Ala. 299,80 So. 364 (Ala. 1918). The rationale is that admission of such evidence would discourage persons from improving the condition which caused the injury. Id. Burbic and Hartford note that several courts have held that this rationale is not applicable to subsequent modifications in strict liability cases. The appellants urge this Court to extend the exception for strict liability cases to actions for breach of warranty.[1]
"Questions as to the relevancy of testimony is a matter ordinarily within the discretion of the trial court, and unless such discretion has been grossly abused, it will not be considered error on appeal." Costarides v. Miller,374 So.2d 1335, 1337 (Ala. 1979). Burbic sought to admit evidence that Robintech began producing an improved, more expensive pipe which had special provisions against the problems Burbic's employees allegedly confronted with the pipe Burbic purchased. The record shows that Robintech still produces the same pipe that CAPCO sold to Burbic. This evidence coupled with the fact that the pipe which Burbic sought to admit was a more expensive, improved pipe, shows that the *Page 4 
trial court did not err in refusing to introduce the new pipe into evidence because it was irrelevant.
Section 7-2-201 of Alabama's version of the Uniform Commercial Code permits a written confirmatory memorandum to satisfy the requirement of the statute of frauds. Thus, the order acknowledgment sent by CAPCO to Burbic is a writing sufficient to satisfy the statute of frauds. Likewise, the fact that the form states additional terms does not affect the enforceability of the contract, given the subsequent dealings of the parties. See Code 1975, § 7-2-207 (2). Thus, the preliminary issue is not whether the parties entered into a valid contract, but the issue is what terms are a part of the agreement. Section 7-2-207 (2) provides:
 (2) The additional terms are to be construed as proposals for addition to the contract. Between merchants such terms become part of the contract unless:
 (a) The offer expressly limits acceptance to the terms of the offer;
(b) They materially alter it; or
 (c) Notification of objection to them has already been given or is given within a reasonable time after notice of them is received.
As noted by several courts, Section 2-207 of the Uniform Commercial Code was not drafted with great clarity and courts often have great difficulty determining its meaning. See Dortonv. Collins Aikman Corp., 453 F.2d 1161 (6th Cir. 1972);Roto-Lith, Ltd. v. F.P. Bartlett Co., 297 F.2d 497 (1st Cir. 1962); Valmont Industries, Inc. v. Mitsui Co., 419 F. Supp. 1238
(D.Neb. 1976); Southwest Engineering Co. v. Martin TractorCo., 205 Kan. 684, 473 P.2d 18 (1970). The purpose of Section 2-207 was to alter the "mirror" rule of common law, requiring the terms of the offer and acceptance to be identical, or to mirror each other. I.W. Hawkland, A Transactional Guide to theUniform Commercial Code § 1.090303, at 16 (1964); R. Nordsstrom, Handbook of the Law of Sales, § 37 (1970). An acceptance which contained terms additional to or different from the offer acted as a rejection and a counter-offer. Section 2-207 recognizes that in a commercial setting, the terms of the offer and acceptance will seldom mirror each other. Under Section 2-207 of the Uniform Commercial Code (Code 1975, § 7-2-207), between merchants, proposed terms become part of the contract unless they "materially alter" the contract.
The question before this Court is whether a contractual limitation of remedies is a material alteration of the contract between CAPCO and Burbic. The courts are split on this issue.Compare Roto-Lith, Ltd. v. F.P. Bartlett Co., 297 F.2d 497
(1st Cir. 1962) and Boese-Hilburn Co. v. Dean Machinery Co.,616 S.W.2d 520 (Mo.Ct.App. 1981); with Dorton v. Collins Aikman Corp., 453 F.2d 1161 (6th Cir. 1972), and EbascoServices, Inc. v. Pennsylvania Power and Light Co., 402 F. Supp. 421
(E.D.Pa. 1975). We hold that the question of whether a limitation of remedies clause materially alters a contract is a question of fact. Dorton v. Collins Aikman Corp.,453 F.2d 1161 (6th Cir. 1972). Ebasco Services, Inc. v. PennsylvaniaPower and Light Co., 402 F. Supp. 421 (E.D.Pa. 1975).
In Roto-Lith, Ltd. v. F.P. Bartlett Co. and Boese-HilburnCo. v. Dean Machinery Co., the additional term was a warrantydisclaimer. Both courts held that a warranty disclaimer per se is a material alteration of the contract and thus acceptance of the contract is expressly conditional on assent to the additional term. Both cases are unclear, partially because the courts confuse the issue of whether the additional term prevents the formation of a contract under § 2-207 (1) of the UCC with the issue under 2-207 (2) of whether the term becomes a part of an existing contract. These courts and the appellants rely heavily on comment 4 to § 2-207, which provides that "a clause negating such standard warranties as that of merchantibility or fitness for a particular purpose" materially alters a contract. While this comment may clearly be applicable to a warranty disclaimer, a limitation of remedies is distinguishable. A buyer who is unlikely to be agreeable to a clause negating even the most basic warranties may not *Page 5 
object to a reasonable limitation of remedies.
Comment 5 to § 2-207 gives examples of clauses that do not materially alter a contract. Those examples include "a clause limiting the right of rejection for defects which fall within the customary trade tolerances for acceptance with adjustment or otherwise limiting the remedy in a reasonable manner (see Section 7-2-718 and 7-2-719)." The question of whether a clause negates standard warranties or limits remedies in a reasonable manner is question best resolved by the trier of fact. Dortonv. Collins Aikman Corp., 453 F.2d 1161 (6th Cir. 1972);Ebasco Services, Inc. v. Pennsylvania Power and Light Co.,402 F. Supp. 421 (E.D.Pa. 1975).
The trial judge in his order stated that the contractual limitation of remedies was not a material addition to the contract. The findings of fact of a trial judge, sitting without a jury, will not be reversed unless the result is clearly erroneous or manifestly unjust. There is clear evidence to support the finding that the clause in CAPCO's form limits Burbic's remedy in a reasonable manner, and thus does not materially alter the contract. Code 1975, § 7-2-207, Comment 5.
Appellant also attacks the limitation of remedies clause on the ground that the limitation fails in its essential purpose. Code 1975, § 7-2-719 (2). Section 7-2-719 (1) and (2) provides:
 (1) Subject to the provisions of subsections (2) and (3) of this section and of section 7-2-718 on liquidation and limitation of damages:
 (a) The agreement may provide for remedies in addition to or in substitution for those provided in this article and may limit or alter the measure of damages recoverable under this article, as by limiting the buyer's remedies to return of the goods and repayment of the price or to repair and replacement of nonconforming goods or parts; and
 (b) Resort to a remedy as provided is optional unless the remedy is expressly agreed to be exclusive, in which case it is the sole remedy.
 (2) Where circumstances cause an exclusive or limited remedy to fail of its essential purpose, remedy may be had as provided in this title.
It should be noted that § 7-2-719 is only one way a seller may limit his or her liability. A seller may also limit his or her liability by a warranty. A limitation of remedy and a warranty may in substance be the same, but conceptually the two terms are different. See Murray v. Holiday Rambler, Inc.,83 Wis.2d 406, 265 N.W.2d 513 (1978). A warranty reduces the number of circumstances in which the seller will be liable for his or her breach of the contract. A limitation of remedies restricts the remedies available once a breach is established. In the present case, a warranty and a limitation of remedy are both present. The seller made no warranties except "if within 90 days from the date of delivery any place is judged by Seller to be defective in material or workmanship." The warranty clause is not challenged here. The limitation of remedies clause further limits CAPCO's liability for breach to repair or replacement and limits damages to the purchase price of the goods sold. This is the clause challenged by Burbic. The clause expressly limits Burbic's remedies to repair and replacement of the defective goods. Thus, Burbic may not assert that the remedy is merely cumulative as is the presumption in Code 1975, § 7-2-719
(1)(b). See Clark v. International Harvester Co., 99 Idaho 326,581 P.2d 784 (1978).
The factfinder must find that a limitation of remedies clause fails in its essential purpose or is unconscionable before it can award damages other than as provided in the limitation. A limitation of remedies to repair or replace goods fails in its essential purpose if the seller does not provide goods which conform to the contract within a reasonable time. PolyconIndustries, Inc. v. Hercules, Inc., 471 F. Supp. 1316 (E.D.Wis. 1979); Clark v. International Harvester Co., 99 Idaho 326,581 P.2d 784 (1978); Murray v. Holiday Rambler, Inc.,83 Wis.2d 406, 265 N.W.2d 513 *Page 6 
(1978). The record shows that CAPCO replaced any pipe that was defective in material or workmanship. Furthermore, the trial court found that the defects in the disputed pipe were caused by the employees of Burbic, not by the defective nature of the pipe. The findings of a trial judge sitting without a jury are presumed to be correct. Langley v. Beasley, 399 So.2d 836 (Ala. 1981), Ford v. Alabama By-Products Corp., 392 So.2d 217 (Ala. 1980). The evidence in the record supports the findings of the trial court.
Burbic also claims that the limitation of remedies is unconscionable. Burbic did not raise this issue at the trial level, and thus is precluded from belatedly asserting the issue for the first time on appeal. Hutchins v. Shepard,370 So.2d 275 (Ala. 1979); Brown v. Robinson, 354 So.2d 272 (Ala. 1977).
The other contentions of the appellants are without merit. The findings of fact and of law of the trial court are affirmed.
AFFIRMED.
JONES[2], EMBRY and ADAMS, JJ., concur.
TORBERT, C.J., concurs in the result.
[1] See Robbins v. Farmers Union Grain Terminal Ass'n.,552 F.2d 788 (8th Cir., 1977), for an examination of the rationale of these decisions.
[2] Justice Almon sat at oral argument of this case. He now recuses himself. Justice Jones, who participates in this opinion, heard the tapes of the oral argument. *Page 417