MANITOWOC PEA-PACKING CO. v. WILLIAM NUMSEN & SONS.

(Circuit Court of Appeals, Seventh Circuit. April 11, 1899.)

No. 573.

TRADE-MARKS—INJUNCTION—INNOCENT INFRINGEMENT.

An injunction will be granted restraining the use, however innocent of intended wrong, of a device accompanied with the name or nickname of a city in which defendants reside, as a trade label for his goods, where such label constitutes an infringement on the trade-mark of another, on goods of a like character.

Appeal from the Circuit Court of the United States for the Eastern District of Wisconsin.

C. K. Offield, for appellant.

E. H. Bottum, for appellee.

Before WOODS and GROSSCUP, Circuit Judges, and SEAMAN, District Judge.

WOODS, Circuit Judge. This appeal is from an interlocutory order restraining the appellant, the Manitowoc Pea-Packing Company, pending the suit, "from using, as a trade-mark or brand, upon any canned or packed peas or other vegetables or fruits, the word 'Clipper,' or the words 'Clipper Brand,' whether in connection with, or without, the use of the words 'City' or 'Clipper City'; and from using as a trade-mark, label, designation, or print, upon any label or wrapper attached to any such goods, or upon any package of such goods, any of the words hereby restrained from use, or the delineation or representation of a ship or clipper under full sail, or in imitation or similitude thereof, until the further order of the court." Judge Jenkins, when granting this order, made the following statement of the reasons for his decision:

"I assume, upon the evidence presented, that the adoption by the defendant of the representation of a clipper ship under full sail, and of the words 'Clipper' and 'Clipper City Brand,'. were adopted by it in ignorance of the prior adoption of the words 'Clipper Brand,' and of the representation of a clipper ship under full sail, by the complainant; although, considering their long use by the complainant, and the sale of its goods bearing those marks throughout many states of the Union, and the diligent search which the defendant insists it made before their adoption to ascertain if they infringed on any other's rights, and the placing of a ship under full sail in the mouth of the harbor, as it appears upon the picture, out of all proportion to the rest of the print, render the coincidence of the adoption of both the ship and the name by the defendant as somewhat remarkable. It is none the less true, however, that adoption of these designations tends to create confusion, and to induce the public, particularly customers of retail dealers, to purchase the goods of the defendant as and for the goods of the complainant; and, however innocent the defendant may be of intentional simulation of the complainant's brand, the equitable principles which underlie the question of fair trade, and by

which courts of equity are guided, will not permit the use of these brands by the defendant. It was substantially conceded by council that the use of the ship was a clear infringement of the complainant's rights. I think the use of the terms 'Clipper' and 'Clipper Brand' or 'Clipper City Brand' is quite as clearly an infringement. The defendant has shown that the city of Manitowoc, where the defendant is located, to some extent at least, is known as the 'Clipper City.' The proof does not go to the extent of showing that that city was generally so known. But, even if it were, I think the use of the term under the circumstances would be clearly a constructive fraud upon the public, and in violation of all principles of fair trade, and ought not to be permitted. I need not discuss the question further. So far as this circuit is concerned, the principles by which courts should be guided in these matters are firmly established by frequent decisions of the circuit court of appeals. A man may not use his own name to accomplish a fraud; neither can he use a synonym; nor can he use the name of the city where he lives, or its nickname, to accomplish a like purpose. It is always a question of fraud, but not necessarily of actual fraud. The act, however innocent, is considered constructively fraudulent, if the result would tend to unfair trade, to confusion of goods, and to interference with the rights of another."

Counsel for the appellant disavows having intended to concede in the court below any infringement of the rights of the complainant; but it is immaterial whether the concession was made, since, to the extent stated, the fact of infringement is patent. The only point urged here which is not covered by the opinion quoted is that the trade of the appellant, and the use of its label, "are confined to a particular and specified territory and portion of the United States"; and that the complainant "has not now, nor has had, any trade whatever in canned peas in such identified states or territory." Whether the proposition of law here implied that the owner of a trade-mark or trade-name cannot have an injunction against infringement in a portion of the country in which his goods have not been offered for sale need not be determined. The proof does not show that the trade of the appellant, actual or proposed, is confined to specified or definite limits, or that it has not been, and is not intended to be, carried into regions where the business of the appellee is already established. It is shown, on the contrary, that the appellant had put its peas upon the market in New York City; and, while it is said that the attempt to sell in that market was not a success, because made too late in the season, a purpose to renew the attempt is not denied; and, further, it is not denied that sales have been, and will be, made in the neighboring states of Michigan and Minnesota, where for several years the peas of the appellee have been in the market. The order of the circuit court is affirmed.