JULIUS GARST *vs.* FRANK M. HARRIS.

Worcester. · October 2, 1900. — October 18, 1900.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & HAMMOND, JJ.

*Breach of Written Contract — Consideration — Public Policy — Liquidated Damages.*

At the trial of an action of contract to recover a certain sum as liquidated damages for breach of an agreement not to sell below a stipulated price a proprietary medicine, purchased by the defendant of the plaintiff, it appeared that at the time of the sale, and as a part of it, a written statement of terms containing this agreement was read to the defendant and delivered to him; that one stipulation in it was that the acceptance of the goods with the notice of the conditions of the sale should be an assent to the terms; that the defendant accepted the goods and expressed no dissent, the sale being made with a deduction from the full retail price, and that the defendant sold the goods so purchased below the stipulated price and broke his contract. *Held,* that the contract was made in the terms of the writing and upon sufficient consideration, that it was not contrary to public policy, and that the damages were liquidated.

CONTRACT, for breach of the following agreement:

"For and in consideration of the per cent deducted from the full retail price, as per list appended hereto, allowed by the Phenyo Caffein Company, the vendee or retailer hereby agrees that he will not sell, nor allow any one in his employ to sell, directly or indirectly, Phenyo Caffein, 25 cent size, for less than 25 cents a single box, five boxes for one dollar, twelve boxes for two dollars and twenty-five cents, nor the 10 cent size for less than the face price.

" The vendee, or retailer, further agrees, that if he violates the terms of this contract, he will pay to the Phenyo Caffein Company the sum of $21, that sum being the agreed amount that the Phenyo Caffein Company would be damaged by a breach of this agreement. This clause, as to the amount of damages, is inserted because it is recognized and agreed that a breach of this agreement would cause the Phenyo Caffein Company to suffer a material loss, and also that it would be very difficult and usually impossible to prove the exact amount of such loss.

" The vendee, or retailer, further agrees that the acceptance of said goods, with the notice of the conditions of sale, shall be held to be an assent on his part to the foregoing terms, and an agreement with the Phenyo Caffein Company, to sell subject to the price restrictions fixed by it.

" This agreement is made subject to the stipulation that in case the vendee, or retailer, should desire to discontinue the sale of Phenyo Caffein, and notifies the Phenyo Caffein Company of that fact, in writing, said company agrees to buy from the vendee, or retailer, any of the said Phenyo Caffein at the net cost price at which it was sold to him."

Then followed a specification of the price and discount to the retail trade.

The case was submitted to the Superior Court, and, after judgment for the plaintiff for $21, by *Gaskill*, J., to this court, on appeal, upon agreed facts, the nature of which appears in the opinion.

*W. C. Mellish*, for the defendant.

*W. Thayer*, (*H. W. Cobb*, with him,) for the plaintiff.

Holmes, C. J. This is an action of contract to recover $21 as liquidated damages for breach of an agreement not to sell Phenyo Caffein below a stipulated price. Phenyo Caffein was a proprietary medicine purchased by the defendant of the plaintiff. At the time of the sale and as a part of it a written statement of terms containing this agreement was read to the defendant and delivered to him. One stipulation expressed in the document was that the acceptance of the goods with the notice of the conditions of the sale should be an assent to the terms. The defendant accepted the goods and expressed no dissent. There is no question, therefore, that he agreed to those terms upon the

consideration of the sale, which was made with a deduction from the full retail price. The defendant sold the goods so purchased below the stipulated price and broke his contract. So much of the defendant's argument as denies the agreement, the consideration, or the applicability of the contract to the goods sold needs no further discussion.

The rest of the defence needs but a few words. It is said that the contract was unlawful as in restraint of trade. Some limits were set to the inherited doctrine on this subject by the recent case of *Anchor Electric Co.* v. *Hawkes*, 171 Mass. 101, as they had been in England before. When, as here, there is a secret composition, which the defendant presumably would have no chance to sell at a profit at all but for the plaintiff's permission, a limit to the license, in the form of a restriction of the price at which he may sell, is proper enough. See *Morse Twist Drill & Machine Co.* v. *Morse*, 103 Mass. 73; *Central Shade Roller Co.* v. *Cushman*, 143 Mass. 353; *Gloucester Isinglass & Glue Co.* v. *Russia Cement Co.* 154 Mass. 92; *Fowle* v. *Park*, 131 U. S. 88, 97; *Walsh* v. *Dwight*, 40 App. Div. (N. Y.) 513.

It is suggested that the sum agreed upon in the writing as liquidated damages is a penalty. But it is admitted in the agreed facts that the damages are substantial and difficult to estimate, and it was recognized in the contract that they would be so. It has been decided recently that parties are to be held to their words upon this question except in exceptional cases where there are special reasons for a different decision. *Guerin* v. *Stacy*, 175 Mass. 595. In this case there is every reason for upholding the general rule. *Chase* v. *Allen*, 13 Gray, 42. *Lynde* v. *Thompson*, 2 Allen, 456.

*Judgment for the plaintiff.*