### NEW JERSEY PATENT CO. et al. v. SCHAEFER.

(Circuit Court, E. D. Pennsylvania. April 5, 1906.)

#### No. 7.

PATENTS—INFRINGEMENT—VIOLATION OF CONDITIONS OF LICENSE.

One who knowingly buys and sells patented articles in violation of restrictions placed on their sale by the owner of the patent, fixing a minimum price at which they shall be sold as a condition of the license to use or sell, is chargeable with infringement of the patent.

[Ed. Note.—For cases in point, see vol. 38, Cent. Dig. Patents, §§ 397, 398.]

In Equity. On motion for preliminary injunction.

Frank L. Dyer and Charles N. Butler, for complainant.

John H. Fow, for respondent.

J. B. McPHERSON, District Judge. The New Jersey Patent Company is the owner of patent No. 782,375, which covers the phonograph records that are now in question, and the National Phonograph Company is the exclusive licensee. The invariable custom of the phonograph company for several years has been to sell its goods only to such jobbers, or dealers, as are willing to sign carefully prepared agreements by which the phonograph company restricts the sale and use of its instruments and records in several particulars. It forbids the sale for a smaller sum than is specified in the contracts, and forbids their sale also to any merchant who has not signed an appropriate agreement that makes him what is known as an authorized dealer. Each contract provides, inter alia:

"All Edison phonographs, records, and blanks are covered by United States patents and are sold by the National Phonograph Company under the condition that the license to use and vend them, implied from such sale, is dependent on the observance by the vendee of all the foregoing conditions; upon the breach of any of said conditions the license to use or vend said phonographs, records and blanks, immediately ceases, and any vendor or user thereafter becomes an infringer of said patents and may be proceeded against by suit for injunction or damages, or both."

And upon the box in which every record is inclosed for sale, the following notice appears:

"This record is sold by the National Phonograph Company upon the condition that it shall not be sold to an unauthorized dealer or used for duplication, and that it shall not be sold or offered for sale by the original, or

any subsequent purchaser [except by an authorized jobber to an authorized dealer] for less than 35 cents a piece. Upon any breach of said condition, the license to use and vend this record, implied from such sale, immediately terminates."

The defendant is not an authorized dealer, having never made any contract with the phonograph company, but he is selling and offering for sale records at less than 35 cents, having obtained them from some jobbers or dealers whose identity is not disclosed by the affidavits. I have no doubt that the defendant's purchases and sales have been made with full knowledge of the restrictions that have been placed upon the sale and use of these records, so far at least as these restrictions appear upon the box, and that he is deliberately violating the provision concerning sales at a minimum price. Under such circumstances, the complainant's right is established by Heaton Fastener Co. v. Eureka Co., 77 Fed. 288, 25 C. C. A. 267, 35 L. R. A. 728, and the numerous cases that have followed the ruling that was there made by the court of appeals for the sixth circuit. Other citations are referred to in Bement v. National Harrow Co., 186 U. S. 90, 22 Sup. Ct. 747, 46 L. Ed. 1058; Edison Phonograph Co. v. Kaufmann (C. C.) 105 Fed. 960; Edison Phonograph Co. v. Pike (C. C.) 116 Fed. 863; Victor Talking Machine Co. v. The Fair, 123 Fed. 424, 61 C. C. A. 58; and Cortelyou v. Johnson (C. C.) 138 Fed. 110.

If it is supposed, as the defendant's counsel seems to contend, that these cases are in conflict to some extent with Garst v. Harris, 177 Mass. 72, 58 N. E. 174; Garst v. Hall & Lyon, 179 Mass. 588, 61 N. E. 219, 55 L. R. A. 631; Garst v. Charles, 187 Mass. 144, 72 N. E. 839; and Garst v. Wissler, 11 Pa. Dist. R. 114, I can only reply that I am bound by the decisions of the federal courts if they are inconsistent with the rulings of the Massachusetts or the Pennsylvania tribunals. But there is no conflict, as I think. The federal decisions are put upon the right of a patentee to deal with his monopoly very much as he pleases, while the Garst cases are concerned simply with a trade-mark and a proprietary medicine. The principles that govern the right of a patentee to do what he will with his own are not discussed in the opinions of the Massachusetts court, by whom, indeed, it is expressly stated, in the case against Hall & Lyon Co., that Garst's trade-mark did not give him "the rights of a patentee in property manufactured under a patent."

A preliminary injunction will be granted.