**ROTO–LITH, LTD., Plaintiff, Appellant,**
v.
**F. P. BARTLETT & CO., Inc., Defendant, Appellee.**
No. 5843.

United States Court of Appeals
First Circuit.
Jan. 15, 1962.

**498**

John J. McCarthy, Boston, Cohn, Riemer &. Pollack, Boston, Mass., on the brief, for appellant.

H. M. Willcox, Boston, Mass., Herrick, Smith, Donald, Farley & Ketchum, Boston, Mass., on the brief, for appellee.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

ALDRICH, Circuit Judge.

Plaintiff-appellant Roto-Lith, Ltd., is a New York corporation engaged *inter alia* in manufacturing, or "converting," cellophane bags for packaging vegetables. Defendant-appellee is a Massachusetts corporation which makes emulsion for use as a cellophane adhesive. This is a field of some difficulty, and various emulsions are employed, depending upon the intended purpose of the bags. In May and October 1959 plaintiff purchased emulsion from the defendant. Subsequently bags produced with this emulsion failed to adhere, and this action was instituted in the district court for the District of Massachusetts. At the conclusion of the evidence the court directed a verdict for the defendant.[1] This appeal followed.

Defendant asks us to review the October transaction first because of certain special considerations applicable to the May order. The defense in each instance, however, is primarily the same, namely, defendant contends that the sales contract expressly negatived any warranties.[2] We will deal first with the October order.

█ On October 23, 1959, plaintiff, in New York, mailed a written order to defendant in Massachusetts for a drum of "N-132-C" emulsion, stating "End use: wet pack spinach bags." Defendant on October 26 prepared simultaneously an acknowledgment and an invoice. The printed forms were exactly the same, except that one was headed "Acknowledgment" and the other "Invoice," and the former contemplated insertion of the proposed, and the latter of the actual, shipment date. Defendant testified that in accordance with its regular practice the acknowledgment was prepared and mailed the same day. The plaintiff's principal liability witness testified that he did not know whether this acknowledgment "was received, or what happened to it." On this state of the evidence there is an unrebutted presumption of receipt. Johnston v. Cassidy, 1932, 279 Mass. 593, 181 N.E. 748; cf. Tobin v. Taintor, 1918, 229 Mass. 174, 118 N.E. 247. The goods were shipped to New York on October 27. On the evidence it must be found that the acknowledgment was received at least no later than the goods. The invoice was received presumably a day or two after the goods.

The acknowledgment and the invoice bore in conspicuous type on their face the following legend, "All goods sold without warranties, express or implied, and subject to the terms on reverse side." In somewhat smaller, but still conspicuous, type there were printed on the

---

1. Also involved was a counter-claim, but this requires no separate discussion.

2. The defendant also contends that the warranties, if any there might have been, were not broken. This is a question of fact with which we are not concerned.

back certain terms of sale, of which the following are relevant:

"1. Due to the variable conditions under which these goods may be transported, stored, handled, or used, Seller hereby expressly excludes any and all warranties, guaranties, or representations whatsoever. Buyer assumes risk for results obtained from use of these goods, whether used alone or in combination with other products. Seller's liability hereunder shall be limited to the replacement of any goods that materially differ from the Seller's sample order on the basis of which the order for such goods was made.

"7. This acknowledgment contains all of the terms of this purchase and sale. No one except a duly authorized officer of Seller may execute or modify contracts. Payment may be made only at the offices of the Seller. *If these terms are not acceptable, Buyer must so notify Seller at once.*" (Ital. suppl.)

It is conceded that plaintiff did not protest defendant's attempt so to limit its liability, and in due course paid for the emulsion and used it. It is also conceded that adequate notice was given of breach of warranty, if there were warranties. The only issue which we will consider is whether all warranties were excluded by defendant's acknowledgment.[3]

■■ The first question is what law the Massachusetts court would look to in order to determine the terms of the contract. Under Massachusetts law this is the place where the last material act occurs. Autographic Register Co. v. Philip Hano Co., 1 Cir., 1952, 198 F.2d 208; Milliken v. Pratt, 1878, 125 Mass. 374. Under the Uniform Commercial Code, Mass.Gen.Laws Ann. (1958) ch. 106, § 2–206, mailing the acknowledgment would clearly have completed the contract in Massachusetts by acceptance had the acknowledgment not sought to introduce new terms. Section 2–207 provides:

"(1) A definite and seasonable expression of acceptance or a written confirmation which is sent within a reasonable time operates as an acceptance even though it states terms additional to or different from those offered or agreed upon, unless acceptance is expressly made conditional on assent to the additional or different terms.

"(2) The additional terms are to be construed as proposals for addition to the contract. Between merchants such terms become part of the contract unless:

"(a) the offer expressly limits acceptance to the terms of the offer;

"(b) they materially alter it; or

"(c) notification of objection to them has already been given or is given within a reasonable time after notice of them is received."

■■ Plaintiff exaggerates the freedom which this section affords an offeror to ignore a reply from an offeree that does not in terms coincide with the original offer. According to plaintiff defendant's condition that there should be no warranties constituted a proposal which "materially altered" the agreement. As to this we concur. See Uniform Commercial Code comment to this section, Mass.Gen.Laws annotation, supra, paragraph 4. Plaintiff goes on to say that by virtue of the statute the acknowledgment effected a completed agreement without this condition, and that as a further proposal the condition never became part of the agreement because plaintiff did not express assent. We agree that section 2–207 changed the

---

3. Defendant also relies upon the terms of the invoice in view of the fact that it was admittedly received before plaintiff *used* the goods. Whether an invoice not received until after the goods can modify the contract raises some possible matters which we do not reach.

existing law, but not to this extent. Its purpose was to modify the strict principle that a response not precisely in accordance with the offer was a rejection and a counteroffer. Kehlor Flour Mills Co. v. Linden, 1918, 230 Mass. 119, 123, 119 N.E. 698; Saco-Lowell Shops v. Clinton Mills Co., 1 Cir., 1921, 277 F. 349. Now, within stated limits, a response that does not in all respects correspond with the offer constitutes an acceptance of the offer, and a counteroffer only as to the differences. If plaintiff's contention is correct that a reply to an offer stating additional conditions unilaterally burdensome upon the offeror is a binding acceptance of the original offer plus simply a proposal for the additional conditions, the statute would lead to an absurdity. Obviously no offeror will subsequently assent to such conditions.

The statute is not too happily drafted. Perhaps it would be wiser in all cases for an offeree to say in so many words, "I will not accept your offer until you assent to the following: * * *" But businessmen cannot be expected to act by rubric. It would be unrealistic to suppose that when an offeree replies setting out conditions that would be burdensome only to the offeror he intended to make an unconditional acceptance of the original offer, leaving it simply to the offeror's good nature whether he would assume the additional restrictions. To give the statute a practical construction we must hold that a response which states a condition materially altering the obligation solely to the disadvantage of the offeror is an "acceptance * * * expressly * * * conditional on assent to the additional * * * terms."

■ Plaintiff accepted the goods with knowledge of the conditions specified in the acknowledgment. It became bound.[4] Garst v. Harris, 1900, 177 Mass. 72, 58 N.E. 174; Doerr v. Woolsey, 1889, 5 N.

Y.S. 447 (Com.Pl.Gen.Term); cf. Joseph v. Atlantic Basin Iron Works, Inc., Sup., 1954, 132 N.Y.S.2d 671, aff'd Sup., 143 N.Y.S.2d 601 (App.Div.). Whether the contract was made in Massachusetts or New York, there has been no suggestion that either jurisdiction will not give effect to an apropriate disclaimer of warranties. See Mass.Gen.Laws Ann. c. 106, § 2–316; New York Personal Property Law, McKinney's Consol. Laws, c. 41, § 152. This disposes of the October order.

With respect to the May order a different situation obtains. Here plaintiff ordered a quantity of "N-136-F," which was defendant's code number for a dry-bag emulsion. The order stated as the end use a wet bag. Accordingly, defendant knew, by its own announced standards, that the emulsion ordered was of necessity unfit for the disclosed purpose. In this bald situation plaintiff urges that the defendant cannot be permitted to specify that it made no implied warranty of fitness.

■■ We do not reach this question. In the court below, when plainly asked to state its opposition to the direction of a verdict, plaintiff did not advance the arguments it now makes, and in no way called the court's attention to any distinction between the May and the October orders. An appellant is not normally permitted to have the benefit of a new theory on appeal. It is true that this is not an absolute prohibition. The court in its discretion may relax the rule in exceptional cases in order to prevent a clear miscarriage of justice. Hormel v. Helvering, 1941, 312 U.S. 552, 61 S.Ct. 719, 85 L.Ed. 1037; Bergeron v. Mansour, 1 Cir., 1945, 152 F.2d 27, 32; Palo Blanco Fruit Co. v. Palo Alto Orchards Co., 1 Cir., 1952, 195 F.2d 90. Plaintiff's point, however, is by no means clear-cut. Financially the consequences are not large. Plaintiff was represented by competent counsel, and has had an

---

4. It does not follow that if the acknowledgment had miscarried plaintiff's receipt of the goods would have completed a contract which did not include the terms of the acknowledgment. We are not faced with the question of how the statute may affect the common law under such circumstances.

eight-day trial. We do not think the case one for making an exception to the salutary rule that a party is normally entitled to but one "day" in court.

No question remains as to the counterclaim.

Judgment will be entered affirming the judgment of the District Court.