UNITED STATES of America for the Use and Benefit of GENERAL CABLE CORPORATION, Plaintiff-Appellee,

v.

POWER ENGINEERING COMPANY, Inc. and Seaboard Surety Company, Defendants-Appellants.

No. 28106.

United States Court of Appeals, Fifth Circuit.

Jan. 26, 1970.

Charles F. Broome, Crofton, Holland & Starling, Dwight W. Severs, Titusville, Fla., Robert W. Duckworth, Orlando, Fla., for defendants-appellants.

Brooks P. Hoyt, Macfarlane, Ferguson, Allison & Kelly, Tampa, Fla., for plaintiff-appellee.

Before JOHN R. BROWN, Chief Judge, and COLEMAN and CLARK, Circuit Judges.

PER CURIAM:

In this Miller Act, 40 U.S.C.A. §§ 270a–270d, case General Cable Corp. successfully sought to recover payment for electrical cable supplied to Power Engineering Co., a contractor on a government construction project at Cape Kennedy. The critical issue is one of traditional pre-U.C.C. contract law— what constituted the offer and acceptance? The District Court found that Power Engineering's acceptance of and partial payment for cable supplied by General Cable constituted a manifestation of a contractual acceptance. We believe this was essentially a question of fact and its finding was not clearly erroneous. We affirm.

Power Engineering received on January 25, 1965 a government contract for construction of an electrical distribution system in the Cape Kennedy area. General Cable was contacted about supplying the necessary cable, and in February, 1965 Power Engineering sent a purchase order for the cable to General Cable. After a series of amendments by Power Engineering, on May 7, 1965 General Cable sent an acknowledgement to Power Engineering, but in so doing excepted to the liquidated damages provisions of Power Engineering's purchase order.[1] There were no further communications between them that related to contract formation per se. And on May 24, 1965 cable started arriving at the job site.

The deliveries of cable did not, however, continue on schedule. They were delayed by a strike at the General Cable plant. Nevertheless, Power Engineering continued to amend its specifications and make partial payment for the cable until the last cable was delivered on December 16, 1965.

The delays had allegedly resulted in substantial damages to Power Engineering. They refused to complete payment to General Cable. And this suit was brought against Power Engineering and its surety.

Although Power Engineering alleged actual damages due to the delay, they offered no proof. They relied instead on their effort to recover liquidated damages. Of course, they contend that General Cable's exception to the liquidated damages was ineffectual in eliminating it from the contract.

The District Court, however, drew a different inference from these facts. And this inference that acceptance of and partial payment for goods shipped after a counter offer constituted a contractual acceptance is clearly permis-

---

[1] The exception was made by separate letter and provided: "In view of the complexity in processing of the product and in conformance with Corporation policy, we find it necessary to take exception to Section I—Para. SC–4 under Part II of General Submittal Requirements referring to liquidated damages resulting from delayed delivery."

sible. See 17 Am.Jur.2nd Contracts § 66; Roto-Lith, Ltd. v. F. P. Bartlett & Co., 1 Cir., 1962, 297 F.2d 497; American Lumber & Mfg. Co. v. Atlantic Mill & Lumber Co., 3 Cir., 1923, 290 F. 632, 635.

■ We find no merit in Power Engineering's complaint as to the exclusion of certain documentary summaries. Since we find that the deliveries of cable were made under one contract and not under a series of separate contracts covering individual deliveries, there is no merit to the last contention that any part of General Cable's claim is barred by the one year statute of limitations period, 40 U.S.C.A. § 270b(b).

Affirmed.