**TRUST COMPANY BANK, a
Georgia Corporation**

v.

**BARRETT DISTRIBUTORS, INC.**

**No. IP 77–454–C.**

United States District Court,
S. D. Indiana,
Indianapolis Division.

Nov. 8, 1978.

Elliott D. Levin, Rubin & Levin, Indianapolis, Ind., for plaintiff.

Gary E. Smith, Smith & Shaw, Connersville, Ind., for defendant.

## ORDER

STECKLER, Chief Judge.

This matter is before the Court on plaintiff's motion to reconsider this Court's order of January 19, 1978, denying plaintiff's motion for summary judgment. This Court has jurisdiction because of diversity of citizenship. 28 U.S.C. § 1332 (1976).

Plaintiff, in its complaint, alleges that it was assigned the account of defendant on December 2, 1976. It further claims that defendant owes it over $26,500.00 on this account, which is unpaid, and also interest at 8% per annum.

Defendant denies the substantial allegations in the complaint. It also claims an affirmative defense, that plaintiff's assignor, Venture Carpets, failed to tender what was contracted for and that defendant therefore rejected the tender because of this noncompliance.

It appears uncontroverted that defendant ordered carpeting from Venture Carpets on the following discount terms: 5/60; 4/90; 3/120; 2/150; 1/180. Venture Carpets shipped the goods about two weeks later. However, the invoice for the goods, mailed a week after the goods were shipped, had different terms, *viz.*, 5/60; net/90. The

defendant requested Venture Carpets to cure the nonconforming credit terms. This was refused and defendant "rejected" the goods. Defendant continued to hold the goods. About three months later, the entire shipment of carpeting was destroyed by a fire at defendant's warehouse.

Summary judgment should be granted if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c). In this case, there appears to be no controverted fact questions. Therefore, it must only be determined whether plaintiff is entitled to judgment on the legal issues.

■ The U.C.C. governs this case since the dispute concerns a transaction in goods. *See* Ind.Code § 26–1–2–102 (1978). It is quite clear that carpeting must be considered a "good."

Plaintiff argues that when Venture shipped the carpets, Venture accepted the offer of defendant. It claims that the invoice which followed did not alter the prior contract. Therefore, since the contract had been accepted, defendant could not repudiate it, and the defendant is still liable for the goods.

Defendant contends that the goods were not tendered in conformity with the contract since there were different credit terms. Defendant rejected these nonconforming goods and therefore the risk of loss is on the seller or its assigns.

The issue is whether an invoice received after the goods can modify the contract. This is a question which has not been previously answered. *See Roto-Lith, Ltd. v. F. P. Bartlett & Co.*, 297 F.2d 497, 499 n.3 (1st Cir. 1962) (expressly abstains from deciding this).

Ind.Code § 26–1–2–206 states that unless otherwise unambiguously indicated an offer to buy goods for prompt or current shipment shall be construed as inviting acceptance by the prompt or current shipment of conforming or nonconforming goods. As such, when Venture Carpets shipped the carpeting it accepted defendant's offer to purchase the carpeting.

It is unclear whether Section 26–1–2–207 of the Code applies. That section states that a written confirmation which is sent within a reasonable time operates as an acceptance even though it states terms different from those offered or agreed upon. Between merchants such terms become part of the contract unless notification of objection to them is given within a reasonable time after notice of them is received. *Id.*

It is ambiguous from the wording of the Code whether the modification rule of Section 26–1–2–207 applies when an invoice is received after the goods have already been received. The Official Comment to this section appears to imply that the section has no application after the goods are received, but this too is not clear. *See* Official Comment n.1. Further, there is a question whether an invoice is a "written confirmation" within the meaning of Section 26–1–2–207. *See Rite Fabrics, Inc. v. Stafford-Higgins Co., Inc.*, 366 F.Supp. 1, 6 (S.D.N.Y. 1973).

■ However, even if Section 26–1–2–207 superficially applies to alter the terms of the agreement, defendant properly objected to the different credit terms. Therefore, the different credit terms on Venture's invoice do not apply, and the contract still includes the credit terms of the defendant. There is, then, nothing for defendant to reject as nonconforming since it is uncontroverted that the carpeting itself was satisfactory.

The fire occurred within 180 days after receipt of the goods. This is within the time period before any payment by defendant had to be made.

■ There had been no breach of contract by either party. The contract was on terms proposed by defendant. Since there had been no breach, the risk of loss passes to the buyer on his receipt of the goods if the seller is a merchant. Ind.Code § 26–1–2–509(3) (1978). It is clear, then, that defendant must bear the loss of the fire.

■ The last issue is the effect of the assignment of defendant's account by Ven-

ture to plaintiff. The Code provides that unless otherwise agreed, all rights of either seller or buyer can be assigned except where the assignment would materially change the duty of the other party, or increase materially the burden or risk imposed on him by his contract, or impair materially his chance of obtaining return performance. Ind.Code § 26–1–2–210 (1978). Since none of the exceptions in the rule are present here, the account could be assigned without affecting the liability of defendant on the contract.

By reason of the foregoing, plaintiff's motion to reconsider this Court's previous order is GRANTED and summary judgment is GRANTED to plaintiff, Trust Company Bank.

IT IS SO ORDERED.