**GREENWICH FEDERAL SAVINGS AND LOAN ASSOCIATION, Plaintiff, Appellant,**

v.

**FIDELITY BOND & MORTGAGE COMPANY OF PUERTO RICO, et al., Defendants, Appellees.**

No. 82–1569.

United States Court of Appeals, First Circuit.

June 15, 1983.

Rehearing Denied July 19, 1983.

Jaime Sifre-Rodriguez, Hato Rey, P.R., with whom Cepeda, Sanchez-Betances & Sifre, Hato Rey, P.R., was on brief, for plaintiff, appellant.

Carlos Davila, San Juan, P.R., with whom Alex Gonzalez and Alex Gonzalez Law Offices, San Juan, P.R., were on brief, for defendants, appellees.

Before CAMPBELL, Chief Judge, BREYER, Circuit Judge, and CAFFREY,* District Judge.

CAFFREY, District Judge.

This is an appeal from the district court's order dismissing a complaint filed by appellant, Greenwich Federal Savings and Loan Association (hereinafter Greenwich) against appellee, CNA Casualty Insurance Company of Puerto Rico (hereinafter CNA). The facts in this case are undisputed, and were stipulated by the parties in a motion filed on September 9, 1981:

1. Greenwich is a corporation organized and existing under the laws of the United States of America, whose office and principal place of business is in Greenwich, Connecticut, and is an institution engaged in the savings and loan business.

2. Fidelity Bond & Mortgage Company of Puerto Rico, Inc., is a corporation organized and existing under the laws of the Commonwealth of Puerto Rico and with its principal place of business in the Commonwealth of Puerto Rico.

3. Plaintiff has maintained and maintains investments in the Commonwealth of Puerto Rico consisting in mortgages of real property as part of its savings and loan operations.

_____

* Of the District of Massachusetts, sitting by designation.

4. Plaintiff and Fidelity Bond & Mortgage Company of Puerto Rico, Inc., (hereinafter Fidelity) on December 20, 1972 executed a servicing agreement for plaintiff's investments in the Commonwealth of Puerto Rico.

5. CNA is an insurance company organized and existing under the laws of the Commonwealth of Puerto Rico, with its principal place of business in the Commonwealth of Puerto Rico. Said insurance company had issued a policy and/or bond covering jointly and severally the responsibility of defendants for the facts stated in the complaint and/or the interest of defendant Fidelity for the acts and actions of its agents, officers and employees.

6. The existence of bond no. 5657663 issued by CNA to Fidelity which is subject to all the conditions, limitations, exclusions and provisions therein specified.

The other undisputed facts are that certain monies owned by the plaintiff which co-defendant Fidelity had under its custody pursuant to the servicing agreement were fraudulently and illegally used and/or misappropriated by unknown officers and employees of the co-defendant Fidelity. Fidelity never made a claim against its insurer for the loss of Greenwich's monies.

██ The issue before the district court, and the issue now before us, is whether the bond issued by CNA affords coverage to Greenwich, be it as a direct claim or as a claim of Fidelity made through plaintiff-appellant Greenwich. We affirm the district court's determination that, at this juncture, Greenwich lacks standing to pursue its claim against defendant-appellee CNA. The district court carefully analyzed the actual terms of the Fidelity bond and properly concluded that Greenwich had no cause of action against CNA. Similarly, the district court's implicit rejection of Greenwich's statutory argument, that Article 1051 of the Civil Code of Puerto Rico (31 LPRA 3015) ** enables Greenwich to assert the rights of Fidelity against CNA, is beyond challenge. Article 1051 empowers the court to order a person to do something only if that person is already *obliged* to do it, and in this case it is clear, as the district court discussed at greater length, that CNA has no obligation, contractual or otherwise, to reimburse Greenwich.

██ On appeal Greenwich contends that a thorough examination of additional articles of the Civil Code of Puerto Rico, specifically Articles 1210 and 1264, in conjunction with Article 1051 which was relied on by appellant in the district court, compels this court to allow Greenwich's claim against CNA. Yet, however meritorious that new legal theory may be, we do not consider it, for it is axiomatic that a legal theory not presented to the trial court cannot be raised for the first time on appeal. *Johnston v. Holiday Inns, Inc.,* 595 F.2d 890, 894 (1st Cir.1979); *Roto-Lith, Ltd. v. F.P. Bartlett & Co.,* 297 F.2d 497, 500 (1st Cir. 1962). Although this rule is not absolute it is relaxed only in "horrendous cases where a gross miscarriage of justice would occur." *Johnston v. Holiday Inns, Inc.,* 595 F.2d at 894. In addition, the new ground must be "so compelling as virtually to insure appellant's success." *Dobb v. Baker,* 505 F.2d 1041, 1044 (1st Cir.1974).

We see no reason for relaxing the rule against appellate review of a position not advanced in the district court. We do not find that failure to consider appellant's new position would result in a gross miscarriage of justice, *Johnston v. Holiday Inn, Inc., supra.* Moreover, appellant's likelihood of success in its attempt to benefit under the bond between Fidelity and CNA hinges not on this court's immediate analysis of the new legal theory propounded, but primarily on appellant's ability to establish its initial claim against Fidelity; hence we are not able to conclude that the new position is "so compelling as virtually to insure appellant's success." *Dobb v. Baker, supra.*

** Article 1051 of the Civil Code of Puerto Rico states, in pertinent part, as follows:

"If the person obliged to do something should not do it, it shall be ordered to be done at his expense . . ."

*The decision of the district court is affirmed.*