John J. JONES, Plaintiff, Appellant,

v.

CITY OF SOMERVILLE, et al., Defendants, Appellees.

No. 83–1770.

United States Court of Appeals, First Circuit.

Argued March 8, 1984.

Decided June 1, 1984.

Michael A. Brown, Boston, Mass., with whom Grayer, Brown & Dilday, Boston, Mass., was on brief, for plaintiff, appellant.

Anthony P. Sullivan, Cambridge, Mass., for defendants, appellees.

Before COFFIN and BOWNES, Circuit Judges, and GIERBOLINI,* District Judge.

GIERBOLINI, District Judge.

This is an appeal from a judgment entered pursuant to an order of the United States District Court for the District of Massachusetts, sitting without a jury, dismissing plaintiff's employment discrimination complaint for lack of jurisdiction.

Plaintiff, John J. Jones, is presently a lieutenant in the City of Somerville's Police Department. He was first appointed to the force on July 15, 1973, and six years later, on December 18, 1979, was promoted to sergeant. On April 4, 1980 Jones took the civil service examination for lieutenant and placed second on a list of officers who passed it. On September 28, 1981 Sergeant Robert Bradley, the officer ranked first on the list, was appointed lieutenant. However, four other vacancies for lieutenant positions were not filled. Jones alleges that he was not appointed because he was black.[1] Nonetheless, on April 18, 1982,

---

* Of the District of Puerto Rico, sitting by designation.

1. Plaintiff filed in the district court an affidavit stating that Acting Chief of Police Arthur Pino

Jones was appointed lieutenant. Thereafter, in September 1982, two vacancies for the position of captain in the Somerville Police Department were announced. Jones was ineligible to take the captain's civil service examination because he had not been a lieutenant for the requisite minimum period of one year. He filed a charge with the EEOC on September 22, 1982, and the complaint in this case on June 23, 1983.[2]

The thrust of plaintiff's complaint was that had he been appointed lieutenant on September 28, 1981, he would have been eligible to take the captain's examination. The district court dismissed the action for lack of jurisdiction because plaintiff filed his complaint with the EEOC more than 300 days after the alleged discriminatory conduct and, consequently, failed to comply with the statutory requirement of 42 U.S.C. § 2000e–5(e). On appeal, Jones contends that the facts of the case "give rise to a continuing violation that tolls the running of the 300-day period and thus preserves a Title VII action".

■ The continuing violation averment was raised for the first time on appeal.[3] We have repeatedly held in the past that we will not consider a legal theory not presented to the trial court, however meritorious it may be. *Marcial Ucin, S.A. v. SS Galicia*, 723 F.2d 994, 1002 (1st Cir. 1983); *North American Industries, Inc. v. Feldman*, 722 F.2d 893, 895, n. 1 (1st Cir. 1983); *Greenwich Federal Savings and Loan Association v. Fidelity Bond & Mortgage Company of Puerto Rico*, 714 F.2d 183, 184 (1st Cir.1983); *Johnston v. Holiday Inns, Inc.*, 595 F.2d 890, 894 (1st Cir.1979); *Roto-Lith, Ltd. v. F.P. Bartlett*

*& Co.*, 297 F.2d 497, 500 (1st Cir.1962). The rule admittedly is not absolute, and it is relaxed only in "horrendous cases where a gross miscarriage of justice would occur". *Johnston v. Holiday Inns, supra*, at 894. In addition, the new ground must be "so compelling as virtually to insure appellant's success". *Dobb v. Baker*, 505 F.2d 1041, 1044 (1st Cir.1974).

Upon careful examination of the record, we find that the exclusion of plaintiff's allegation of continuing violation on appeal would not result in a gross miscarriage of justice nor would its inclusion insure plaintiff's success on the merits. In fact, Jones cannot establish the existence of a continuing violation.

■ To prove a continuing violation, a complaint must indicate that not only the injury, but the discrimination, is in fact ongoing. *Goldman v. Sears Roebuck & Co.*, 607 F.2d 1014, 1018 (1st Cir.1979), *cert. denied*, 445 U.S. 929, 100 S.Ct. 1317, 63 L.Ed.2d 762 (1980). The emphasis is not on the continuing effects of an initial discriminatory act on plaintiff's life, *Delaware State College v. Ricks*, 449 U.S. 250, 257–8, 101 S.Ct. 498, 503–04, 66 L.Ed.2d 431 (1980), but rather it is on whether any present violation exists. *United Air Lines, Inc. v. Evans*, 431 U.S. 553, 558, 97 S.Ct. 1885, 1889, 52 L.Ed.2d 571 (1977); *Daughtry v. King's Department Stores, Inc.*, 608 F.2d 906, 909–10 (1st Cir.1979). Moreover, it is incumbent upon plaintiff to allege facts which indicate that his ineligibility to take the captain's test was itself a separate violation of his civil rights, and was part of a continuing discriminatory animus.

■ The delay in Jones' appointment to lieutenant may have been a violation of his

---

informed him that he was not recommended for appointment because he was black. In addition, plaintiff filed two affidavits in support of his allegations that he was not appointed due to racial animus. On the other hand, co-defendant Pino and Somerville Mayor Eugene Brune, also filed affidavits refuting plaintiff's assertions and claiming that Jones was not appointed to lieutenant because of his history of excessive absenteeism and tardiness.

2. The Equal Employment Opportunity Commission (EEOC) as well as the Massachusetts Commission Against Discrimination (MCAD) dismissed plaintiff's charges for lack of jurisdiction.

3. Plaintiff's complaint is devoid of any express allegation of continuing violation, and even read in the light most favorable to him, we fail to perceive any other factual allegations which may be construed as a claim of continuing violation.

**8**

civil rights,[4] but even so, it was a one-time violation which was subsequently cured. Plaintiff cannot now construe the ongoing impact of a one time possible violation as a continuing violation within the purview of Title VII.

Plaintiff has failed to allege that the reason for his inability to take the captain's examination, the one year requirement as a lieutenant, is itself a violation of his civil rights. Far from so doing, plaintiff has only alleged that the delay in his appointment to lieutenant constitutes the act of racial discrimination which now impedes his advancement within the ranks of the Police Department. Appendix p. 30. Therefore, the continuing violation exception is not warranted.

Furthermore, plaintiff misguidedly bases his claim on the premise that all five vacancies had to be filled on the same day or shortly thereafter. In essence, plaintiff contends that he had to be appointed before October 23, 1981, a year before the date of the captain's civil service examination, so that he could have been eligible for that position. However, he has failed to set forth any evidence indicating that the City of Somerville had the policy of filling all vacancies and that in case they had to be filled, the appointments had to be simultaneous or in close proximity one to another. Plaintiff's case inexorably fails even if he had been appointed on October 24, 1981 rather than on April 18, 1982.

■ Finally, we note that the trial court erred in ruling as a matter of law that an untimely filed charge deprives district courts of jurisdiction. Filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to sue in federal courts. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 395, 102 S.Ct. 1127, 1133, 71 L.Ed.2d 234 *rehearing denied*, 456 U.S. 940, 102 S.Ct. 2001, 72 L.Ed.2d 461 (1982); *Rice v. New England*

*College*, 676 F.2d 9, 10 (1st Cir.1982). Rather, it is a requirement which may be waived or tolled for equitable considerations.

Clearly, the requirement was not waived in this case as it was alleged in defendants' motion to dismiss. Furthermore, plaintiff has not set forth any equitable grounds for the tolling of the 300-day period, nor do we find any. In the absence of a recognized equitable consideration, the limitation period cannot be extended by even one day. *New England College, supra*, at 11.

The district court's error is thus harmless. The court correctly dismissed plaintiff's complaint for the filing of the charge with EEOC on September 22, 1982 was well beyond the 300-day period following the alleged unlawful discriminatory practice of September 28, 1981.[5] The result reached by the district court being correct, it is entitled to affirmance. *SEC v. Chenery*, 318 U.S. 80, 88, 63 S.Ct. 454, 459, 87 L.Ed. 626 (1943); *Pueblo International, Inc. v. Reichard*, 725 F.2d 823 (1st Cir.1984).

JUDGMENT AFFIRMED.

---

4. Defendants have refuted plaintiff's allegations of racial discrimination, *see* note 1, *supra*, and as the trial judge stated, if their affidavits were accepted, defendants would have articulated a non-discriminatory reason for the delay in the appointment. Appendix p. 44.

5. The 300-day period began to run on September 28, 1982 because it was on that date that Robert Bradley was appointed lieutenant, and that Jones alleges Pino told him he was not going to be appointed because he is black.