[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Harry Mahtani (Mahtani), here seeks a return of his CT Page 5022 deposit of $17,500.00 paid to the defendant Creative Design and Woodworking (Creative), a cabinet maker. Creative has filed a counterclaim seeking lost profits and the value of cabinets sent to Mahtani.
Mahtani is a retail jeweler who sought to buy display cabinets for his store from the defendant Creative.
Upon receiving a proposal for construction of the cabinets from Creative, Mahtani signed it after adding in two places that delivery or completion was required by November 18th and returned it to Creative with his check for $17,500.00, required as a deposit. Creative deposited the check after informing the plaintiff there would be no problem with the delivery and without obtaining the plaintiff's consent to waive such a deadline. Creative then proceeded to collect materials to build the cabinets and built the frames. Not being able to deliver as required by November 18th, Creative sent the plaintiff temporary wall cabinets and four (4) uncompleted floor cabinets for use over the Christmas sales period. As the finished cabinets were not completed in time for that Christmas sales period, the plaintiff refused to forward any more monies unless compensated for the delay and the defendant refused to make further deliveries. At the present time, the plaintiff has four floor cabinets which he completed and uses and a number of temporary wall cabinets which he is willing to return to the defendant.
Section 2-207 of the Uniform Commercial Code, the model for42a-2-207 of our General Statutes has been properly referred to as a "murky bit of prose." Daitom, Inc. v. Pennwalt Corp., (10th Cir. 1984),741 F.2d 1569, 1574. It was designed to define conditional acceptances in "a battle of forms" where boiler plate language is sought to be relied upon. Such is not the situation in this case since the plaintiff explicitly and on the face of his acceptance in large print required a delivery date of November 18th.
Applying the conditions of 42a-2-207 here, (1) the defendant's proposal did not contain a statement expressly limiting acceptance to the terms of the offer. See Egan Machinery Co. v. Mobil Chemical Co., 660 F. Sup. 35
(DC Conn.) (2) The court would also find the plaintiff's inserting "a rider" requiring a November 18 deadline did expressly make his acceptance conditional. In Daitom, Inc. v. Pennwalt, supra, at 1577, the court found an express conditional acceptance where such a delivery schedule, integral to any fundamental agreement, was a condition of the acceptance. The rationale of Daitom approved in Egan Machinery, leads this court to hold likewise. In Roth-Lith Ltd. v. F. P. Bartlett and Co., 297 F.2d 497, (1st Circuit 1962), the court observed that a response which states a condition materially altering the obligation solely to the disadvantage CT Page 5023 of the offerer is an acceptance expressly conditional on assent to that additional term. (3) Furthermore, since the defendant's agent assented to the delivery date and then cashed the plaintiff's check, the court would find no material alteration of the proposal. Under these circumstances, it could hardly be said the delivery date resulted in surprise or hardship constituting such a material alteration. (4) Finally, the defendant never gave the plaintiff notice it would not honor the delivery deadline. Thus, the court concludes all the requirements of Section 42a-2-207 which would render the deadline a condition of the contract were met.
The court accordingly orders judgment to enter for the plaintiff to recover the $17,500.00 from the defendant, less the value of the four floor cabinets, which the court finds to be $4,900.00, for a total of $12,600.00.
As to the defendant's counterclaim, alleging a breach of contract by the plaintiff, the court finds the issues for the plaintiff since it was the defendant who breached the contract.
As to the cabinets shipped, the court has subtracted the value of the four (4) floor cabinets from the deposit. The plaintiff has offered to return the remaining temporary wall cabinets but the defendant does not desire their return.
McDONALD, J.